Camilla LEGG, Appellant
(Plaintiff below),

v.

Katherine O'CONNOR, M.D., Thomas L. Gross, M.D., Wishard Memorial Hospital, and Health and Hospital Corporation of Marion County, Appellees (Defendants below).

No. 30A01–8912–CV–541.

Court of Appeals of Indiana,
First District.

July 30, 1990.

C. Warren Holland, Michael W. Holland, Holland & Holland, Indianapolis, for appellant.

Jon D. Krahulik, Daniel R. Fagan, Nana Quay–Smith, Bingham Summers Welsh & Spilman, Indianapolis, for appellees.

ROBERTSON, Judge.

Appellant-plaintiff Camilla Legg appeals from the grant of summary judgment in favor of appellee-defendants Dr. Katherine O'Connor and Dr. Thomas Gross.

Appeal dismissed.

This medical malpractice claim arose out of complications of a sigmoidoscopy performed by Drs. O'Connor and Gross on their patient Camilla Legg. The medical review panel considered Legg's proposed complaint alleging that, as a result of her doctors' negligence, Legg's colon was perforated, and she was required to undergo a sigmoid end colostomy. In September, 1988 the panel opined that the evidence did

not support the conclusion that Drs. O'Connor or Gross had failed to comply with the appropriate standard of care. Legg filed her complaint in December, 1988. O'Connor and Gross moved for summary judgment on the basis of the medical review panel's findings. Legg's documents opposing summary judgment included her own affidavit and that of Dr. David Bash, in which he averred that the standard of care requires that prior to a sigmoidoscopy, the patient be informed of the risk that the patient's colon could be perforated. Legg in her affidavit states she was not informed of any risks or possible alternatives to the procedure.

On July 26, 1989, the court granted partial summary judgment, finding there was no genuine issue of material fact except on the issue of informed consent. The court then granted "judgment as a matter of law on all issues except the issue of informed consent." Then the court certified the case for appeal, reciting that there is not just reason for delay, and reserving for trial the issue of informed consent.

Legg brought this appeal with two issues: 1) whether summary judgment was improper because Legg introduced evidence confronting the review panel findings, and 2) whether the trial court abused its discretion in certifying its order for appeal. We may only reach the second issue, because our resolution of it results in our finding that we lack jurisdiction.

Ind. Trial Rule 56(D) allows the trial court to render judgment upon less than the whole case, and T.R. 56(C) permits summary judgment on fewer than all the issues within a claim, or with respect to less than all the claims or parties. T.R. 56(C) and T.R. 54(B) contain similar language providing that an order on less than all the issues, claims or parties in a case is interlocutory, unless the court in writing expressly directs entry of judgment and determines that there is no just reason for delay. *See Creech v. Southeastern Indiana REMC* (1984), Ind.App., 469 N.E.2d 1237. Drs. O'Connor and Gross submit that because T.R. 56(C) permits the trial court to enter summary judgment on fewer than all the

issues, and the court certified its order according to the rule, the judgment is properly before us on appeal. However, the doctors' analysis falls short of addressing the dispositive issue of whether the judgment was a proper one for certification. In deciding this issue, we resort in part to federal case law interpreting the federal rules which our correlative state rules track. *Geyer v. City of Logansport* (1974), Ind.App., 317 N.E.2d 893, 896. In particular T.R. 54(B) has been interpreted consonant with federal practice. *Creech*, 469 N.E.2d 1237. Furthermore, the certification language of T.R. 54(B) and the related cases apply with equal force to T.R. 56(C) and partial summary judgments. *Id.*

To be certifiable under Rule 54(b) of the Federal Rules of Civil Procedure, a judgment must possess the requisite degree of finality, and must dispose of at least a single substantive claim. *Acha v. Beame* (2nd Cir.1978), 570 F.2d 57, 62; *Elder v. State ex rel. Dep't of Natural Resources* (1985), Ind.App., 482 N.E.2d 1383, 1388. T.R. 54(B) does not apply to a single claim action. *Elder*, 482 N.E.2d at 1388 (citing *Sears, Roebuck & Co. v. Mackey* (1956), 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297). A claim asserts only one legal right growing out of a single transaction or series of related transactions. *Acha*, 570 F.2d at 62. A single claim resting on multiple theories or a single claim with an alternative request for relief are not final judgments which a trial court may certify for appeal. *See Local P-171, Amalgamated Meat Cutters v. Thompson Farms Company* (7th Cir.1981), 642 F.2d 1065.

An appellate court is not bound by the trial court's determination as to whether a case presents multiple claims. *Elder*, 482 N.E.2d at 1388. The trial court's certification is subject to review for abuse of discretion. *Id.*

Legg's medical malpractice cause of action requires proof of the same elements as any other negligence claim. *See Burke v. Capello* (1988), Ind., 520 N.E.2d 439. Legg claimed the defendants breached a legal duty by allowing their conduct to fall below the standard of care, resulting in

damages to her. The trial court's judgment on all the issues except informed consent did not dispose of a claim separate from Legg's negligence claim. A claim that a doctor failed to discharge his duty to make reasonable disclosure of material facts about the patient's treatment sounds in negligence. *Kranda v. Houser–Norborg Medical Corp.* (1981), Ind.App., 419 N.E.2d 1024, *appeal dismissed,* 459 U.S. 802, 103 S.Ct. 23, 74 L.Ed.2d 39. In the present posture of the case, there remains a single theory, informed consent, on which Legg asserts that her doctors were negligent. Her claim arises from a single transaction. This single negligence claim cannot be certified under T.R. 54(B). The trial court's order was interlocutory despite the certification, and as such is subject to revision at any time prior to entry of final judgment. *Stanray Corporation v. Horizon Construction* (1976), 168 Ind.App. 164, 342 N.E.2d 645, 652. We dismiss this appeal because we have decided adversely to appellees a question which involves our appellate jurisdiction. *Elder,* 482 N.E.2d 1383, 1388.

Appeal dismissed.

RATLIFF, C.J., and SHIELDS, P.J., concur.