**RAMCO INDUSTRIES, INC., f/k/a RI Corp., Appellant–Defendant,**

v.

**C & E CORPORATION and J. Edward Ramsey, Appellees–Plaintiffs.**

No. 20A05–0111–CV–520.

Court of Appeals of Indiana.

July 9, 2002.

Thomas J. Brunner, D. Lucetta Pope, Baker & Daniels, South Bend, IN, Attorneys for Appellant.

Alan L. Weldy, Yoder, Ainlay, Ulmer & Buckingham, LLP, Goshen, IN, Attorney for Appellees.

## OPINION

MATHIAS, Judge.

Ramco Industries, Inc. f/k/a RI Corp. ("Ramco") appeals the Elkhart Superior Court's partial summary judgment in favor of C & E Corporation and J. Edward Ramsey ("Ramsey"), which was certified by the trial court as a final, appealable order. Ramco raises four issues on appeal. We address only one of those issues here: Whether the trial court abused its discretion when it certified its partial summary judgment as a final, appealable order.

We dismiss.

## Facts and Procedural History

Ramco Industries, Inc., RI Corp., and J. Edward Ramsey entered an Asset Purchase Agreement in December of 1993 ("the Contract"), under which RI Corp. purchased most of Ramco Industries' assets. At that time, Ramsey was the owner of a majority of the issued and outstanding shares of stock of Ramco Industries, Inc. After the agreement was complete, RI Corp. began doing business as Ramco Industries, Inc. Ramsey retained the remainder of the business that was not sold to RI Corp., and began doing business as C & E Corporation. Appellant's App. pp. 21, 39.

The Contract provided that Ramco would pay Ramsey 1) an estimated cash purchase price totaling $5,465,000.00; 2) contingent purchase price payments every year for the five years following the sale assuming Ramco's net income met a target dollar amount as set forth in the Contract; 3) the value of the assumed indebtedness pursuant to the sale; and, 4) any required adjustments as outlined in the Contract. *Id.* at 41. The Contract included the following specific provision regarding contingent purchase price payment disputes between the parties:

Section 2.6(c). *Payment of Contingent Purchase Price* .... Each such payment shall be accompanied by a schedule prepared by [Ramco] detailing the calculation of the Contingent Purchase Price due to [Ramsey] for such Fiscal Year and a copy of the audited financial statements of [Ramco] for such Fiscal Year. [Ramsey] and its representatives shall have the right to examine the records of [Ramco] relating to the determination of the Contingent Purchase Price to confirm the accuracy of the same.... In the event [Ramsey] shall disagree in any respect with [Ramco's] determination of the Contingent

Purchase Price payable for a Fiscal Year, [Ramsey] shall notify [Ramco] within thirty (30) days after the receipt of [Ramco's] determination specifying the areas of disagreement and, if [Ramco] and [Ramsey] shall be unable to resolve all such disagreements within thirty (30) days after such notice, then the dispute shall be resolved by the Independent Accounting Firm. . . .

*Id.* at 48. The Contract also included the following broad provision:

Section 12.9. *Applicable Law; Forum.* This Agreement and all questions arising in connection herewith shall be governed by and construed in accordance with the laws of the State of Indiana. Any disputes under or relating to this Agreement which the parties cannot resolve or do not agree to submit to arbitration, shall be subject to the exclusive jurisdiction of any court (federal or state) located in Elkhart County or St. Joseph County, Indiana.

*Id.* at 79. And, with regard to after-acquired businesses, the Contract provided in section 2.6(b) that:

[T]he parties hereto acknowledge and agree that in the event [Ramco] shall acquire the business of any other entity at any time during the five (5) year period following the date hereof . . ., [Ramco] shall account for the operations of [Ramco] and the operations of the Acquired Business as separate divisions. . . .

*Id.* at 47.

In mid–1994, Ramco acquired another business, Magna. However, Ramco failed to maintain separate accounting records for its existing product line and that of Magna pursuant to section 2.6(b) of the Contract. For the 1994 fiscal year, Ramco sent to Ramsey a contingent purchase payment based upon intermingled accounting records. Ramsey thereafter disputed the amount, which dispute was resolved through arbitration pursuant to section 2.6(c) of the Contract. *Id.* at 84. In its Dispute Resolution Memorandum, the arbitrator stated, "I agree that in the future it is Ramco's responsibility to provide adequate information to account for the separate product lines." *Id.* at 88.

For the next four years, 1995–1998, Ramco sent to Ramsey a letter after the close of each fiscal year stating that it had not prepared a calculation of the contingent purchase price for Ramsey because its net profits for the fiscal year did not meet the threshold amount required under the Contract. Most of the letters appeared to have contained audited financial statements. However, during this period, Ramco did not maintain separate accounting records for Ramco and Magna. *Id.* at 225–29.

Ramsey filed his First Amended Complaint in March of 1998 in the Elkhart Superior Court. It included four counts. Count I alleged that Ramco failed to pay the entire contingent purchase payment due as determined by the arbitrator. Count II alleged that Ramco breached a provision of the Contract that provided for Ramsey to function as Director of the company. Count III alleged that Ramco breached the Contract provisions providing for production of financial records, access to financial records, and calculation of contingent purchase price payments. The last count, Count IV, alleged tortious interference with Ramco, C & E Corp., and Ramsey's contractual relationship with parties not part of this appeal. *Id.* at 29–38. Ramco answered the complaint and asserted several affirmative defenses including the defense that arbitration is the exclusive remedy for Ramsey's allegation of breach of contract with regard to the contingent purchase payments. *Id.* at 124.

Ramsey filed a motion for partial summary judgment in June 2000, to which Ramco replied in July 2000. In his motion, Ramsey requested summary judgment on Count III of his First Amended Complaint, and requested $1,127,000.00 plus pre-judgment interest, accounting, and attorneys' fees. In October 2000, the trial court held a hearing on the motion and issued an order in November 2000. The trial court found, among other things, that Ramco breached the contingent purchase payment provisions in the Contract by not maintaining separate accounts distinguishing between the original Ramco product line and the after-acquired Magna product line. *Id.* at 22. The trial court also found that Ramco was "certainly liable to compensate Ramsey for any damages [that] he suffered as a consequence of that breach." *Id.* However, the trial court specifically reserved for trial the issues of what relief was available to Ramsey, what damages, if any, Ramsey was entitled to as a result of the breach, and lastly, the amount of costs Ramsey expended to enforce its rights under the Contract. *Id.* at 23.

Five months later, in late April 2001, Ramsey filed a motion with the trial court requesting that it issue a final, appealable order pursuant to Trial Rule 56(C) with regard to the amount of attorney and accountant fees due pursuant to the court's November 2000 order. Ramsey requested that the trial court order Ramco to pay $87,691.31 for Ramsey's attorney and accountant fees to date, and to deposit $200,000.00 with the clerk of the court to be used as reimbursement for Ramsey's future fees and costs. Ramco filed a brief in opposition to Ramsey's motion and thereafter, in June 2001, the trial court heard argument on the motion.

The trial court issued an order on September 25, 2001, finding that through No-

vember 24, 2000, in order to enforce its rights under the Contract, Ramsey incurred attorney and accountant fees and costs in the amount of $71,017.41, for which Ramco was liable to pay to Ramsey pursuant to section 10.2 of the Contract. The trial court went on to find that this order did not resolve all of the parties' issues, but that there was no just reason for delay in awarding Ramsey the aforementioned amount. The trial court refused to speculate as to the amount of any possible future fees and costs for which Ramco might be liable.

Ramco filed its Notice of Appeal in November 2001, appealing the trial court's November 2000 partial summary judgment and the trial court's September 2001 final order. Additional facts will be provided as necessary.

### Discussion and Decision

■ Ramco argues that the trial court improperly certified its partial summary judgment as a final, appealable order under Indiana Trial Rule 56(C), which provides in pertinent part:

> A summary judgment may be rendered upon less than all the issues or claims, including without limitation the issue of liability or damages alone although there is a genuine issue as to damages or liability as the case may be. A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties. The court shall designate the issues or claims upon which it finds no genuine issue as to any material facts.

T.R. 56(C). Trial Rule 56(C) and Trial Rule 54(B) have similar language and al-

low for trial courts to issue interlocutory orders with respect to less than all of the issues, claims or parties. Additionally, both rules allow trial courts to certify interlocutory orders as final, appealable orders if the trial court includes the "magic language" in its order: that there is no just reason for delay and directs entry of judgment. *Legg v. O'Connor*, 557 N.E.2d 675, 676 (Ind.Ct.App.1990).

To be properly certifiable under either of these trial rules, a trial court order must "possess the requisite degree of finality, and must dispose of at least a single substantive claim." *Id.* (citations omitted). Under Trial Rule 8(A), a claim consists of two elements: 1) a showing of entitlement to relief, and 2) the relief. *Chrysler Corp. v. Reeves*, 404 N.E.2d 1147, 1150 n. 1 (Ind.Ct.App.1980).[1] Furthermore, a judgment that fails to determine damages is not final. *First Fed. Sav. & Loan Ass'n of Gary v. Stone*, 467 N.E.2d 1226, 1231 (Ind.Ct.App.1984), *trans. denied. See also Schenkel v. Citizens State Bank*, 140 Ind.App. 558, 560, 224 N.E.2d 319, 320 (1967) (resulting in the same conclusion in the context of a default judgment). Our court is not bound by the trial court's determination on the issue of certification; rather, the trial court's certification of an interlocutory order is subject to review for an abuse of discretion. *Troyer v. Troyer*, 686 N.E.2d 421, 425 (Ind.Ct. App.1997) (citing *Legg*, 557 N.E.2d at 676).

Here, Ramsey's First Amended Complaint consisted of four claims. At issue here are the trial court's rulings with regard to Ramsey's partial summary judgment motion on Count III only, filed in June 2000. Ramsey requested summary judgment on Count III of his First Amended Complaint, and requested $1,127,000.00 plus pre-judgment interest, accounting, and attorneys' fees. After a hearing on the motion, the trial court issued its order in November 2000 and found, among other things, that Ramco had in fact breached provisions of the Contract, and that Ramco was liable for any damages resulting from the breach. Appellant's App. p. 22. Importantly, however, the trial court specifically left for trial the issues of what relief was available to Ramsey, what damages, if any, Ramsey was entitled to as a result of the breach, and lastly, the amount of costs Ramsey expended to enforce its rights under the Contract. *Id.* at 23.

Then, five months later, in late April 2001, Ramsey filed a motion requesting that the trial court issue a final, appealable order pursuant to Trial Rule 56(C) in his favor against Ramco for attorney and accountant fees and costs pursuant to the November 2000 partial summary judgment. Ramsey requested that the trial court order Ramco to pay $87,691.31 to Ramsey for attorney and accountant fees to date, and order Ramco to deposit $200,000.00 with the clerk of the court to be used as reimbursement for Ramsey's future fees and costs.

After a hearing on this motion, the trial court issued an order on September 25, 2001, finding that through November 24, 2000, in order to enforce its rights under the Contract, Ramsey incurred attorney and accountant fees and costs in the amount of $71,017.41, for which Ramco was liable to pay to Ramsey pursuant to

---

**1.** In *Chrysler,* a panel of our court concluded that the case did not present an adjudication of an entire claim because the trial court order only purported to resolve the issue of liability or entitlement to relief. The *Chrysler* trial court did not reach the issue of damages. The *Chrysler* appellate court concluded that because there was no decision on an *entire* claim, the trial court's order was merely interlocutory. *Id.* Even though the *Chrysler* court found that the appeal was premature, it used a different procedural vehicle in order to address the merits of the case. *Id.*

section 10.2 of the Contract. The trial court went on to find that this order did not resolve all of the parties' issues, but that there was no just reason for delay in awarding Ramsey the aforementioned amount. The trial court refused to speculate as to the amount of any possible future fees and costs for which Ramco might be liable.

■ Under these facts and circumstances, we must disagree with the trial court's decision to certify the attorney fee award as a final, appealable order. The interim fee award should not have been certified as a final, appealable order because it only established liability against Ramco for breach of the Contract, while reserving for future trial the issues of damages, if any, together with fees and costs. The trial court's September 25, 2001 order determining an interim amount of awardable attorney fees pursuant to its November 2000 partial summary judgment order was not even final as to the issue of awardable attorney fees. In addition, the trial court clearly reserved for trial the issue of damages, if any, for which Ramco would be liable. The possibility of a breach without damages or a breach subject to set off raises the specter of piecemeal litigation that the requirements of Indiana Trial Rules 56 and 54 were meant to avoid. The order simply does not possess the requisite degree of finality to completely dispose of a single substantive claim in order to be properly certifiable. *See Legg*, 557 N.E.2d at 676. Therefore, this appeal is premature and not properly before this court. On this issue alone, this appeal must be dismissed.

We dismiss.

BARNES, J., and KIRSCH, J., concur.