Joseph J. REISWERG and Cohen Garelick & Glazier, Appellants–Defendants,

v.

Pam STATOM, Appellee–Plaintiff.

No. 49A02–0801–CV–49.

Court of Appeals of Indiana.

Dec. 5, 2008.

David T. Kasper, Julia Blackwell Gelinas, Lucy R. Dollens, Locke Reynolds, Michael E. Brown, Eric D. Johnson, Kightlinger & Gray, Indianapolis, IN, Attorneys for Appellants.

Todd J. Kaiser, John K. Henning, Ogletree Deakins Nash, Smoak & Stewart, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

In this consolidated appeal, Joseph J. Reiswerg appeals the trial court's grant of

partial summary judgment to Pam Statom in her legal malpractice action, and both Reiswerg and Cohen Garelick & Glazier ("CGG") appeal the trial court's order striking their motions for summary judgment, which raised statute of limitations defenses. Reiswerg raises three issues, which we consolidate and restate as:

I. Whether the trial court erred by granting Statom's request for final judgment against Reiswerg; and

II. Whether the trial court abused its discretion by striking Reiswerg's motion for summary judgment.

CGG raises two issues, which we consolidate and restate as:

III. Whether the trial court abused its discretion by striking CGG's motion for summary judgment.

We dismiss in part, affirm in part, reverse in part, and remand.

The relevant facts follow. In November 2005, Statom filed a complaint against Reiswerg and CGG alleging legal malpractice, fraud, and constructive fraud. The claim related to Reiswerg's representation of Statom in a medical malpractice action against the Veteran's Administration Hospital. Both Reiswerg and CGG asserted the statute of limitations as an affirmative defense in their answers.

On November 20, 2006, Statom filed a motion for partial summary judgment against Reiswerg and CGG, alleging that "they were negligent as a matter of law." Appellants' Joint Appendix at 63. Statom argued that summary judgment on this issue would leave "for the jury the determination of the proper allocation of fault and the amount of damages that will reasonably compensate [Statom] for her injuries." *Id.* Statom requested that the trial court find Reiswerg and CGG's legal secretary were "negligent as a matter of law," that "Reiswerg failed to comply with the standard of care in his representation of Statom and his breach of this duty caused harm," that CGG's legal secretary "failed to comply with the appropriate standard of care and her breach caused Statom harm," and that CGG was responsible for its employee's negligent acts. *Id.* at 147–148.

Reiswerg and CGG filed motions for extension of time to respond to the motion for partial summary judgment, and the trial court granted them a thirty-day extension of time to and including January 20, 2007. CGG filed its response to the motion for partial summary judgment. Late in the day on Friday, January 19, 2007, Reiswerg filed a second motion for extension of time. On January 24, 2007, the trial court denied Reiswerg's second motion for extension of time. Despite the trial court's denial of his request, on February 6, 2007, Reiswerg filed a memorandum and designation of evidence in opposition to Statom's motion for partial summary judgment. At a hearing on the motion for partial summary judgment, the trial court struck Reiswerg's untimely response. The trial court then granted Statom's motion for partial summary judgment as to Reiswerg and denied the motion as to CGG. On May 21, 2007, per Reiswerg's request, the trial court certified its order for interlocutory appeal. However, this court denied Reiswerg's petition for interlocutory appeal under Ind. Appellate Rule 14(B).

In July 2007, Reiswerg and CGG filed motions for summary judgment alleging that Statom's claims were barred by the statute of limitations. Statom responded by filing a motion to strike the motions for summary judgment because: (1) the motions were filed after deadlines established for filing motions for summary judgment; and (2) Reiswerg and CGG waived the statute of limitations defense by failing to

argue the defense in response to Statom's motion for partial summary judgment. The trial court granted Statom's motion to strike and noted:

> While each Defendant raised the affirmative defense of statute of limitations in its Answer, neither Defendant asserted the defense until after this Court had granted summary judgment finding Defendant Reiswerg negligent as a matter of law and that his negligence caused harm. Whether Statom had timely filed her malpractice claim against Reiswerg was a material issue of fact which had to be asserted in response to Statom's motion for summary judgment. By failing to assert the defense of statute of limitations, the Defendants waived the defense. *See Madison Area Educational Special Services Unit v. Daniels,* 678 N.E.2d 427 (Ind.Ct.App.1997).

Appellants' Joint Appendix at 35. Reiswerg and CGG then filed a motion to reconsider or, alternatively, to grant certification for interlocutory appeal. The trial court certified its order for interlocutory appeal, and the parties requested this court's permission to bring an interlocutory appeal of the trial court's order striking their motions for summary judgment. This court granted Reiswerg and CGG permission to bring their interlocutory appeals pursuant to Ind. Appellate Rule 14(B).

In addition to filing her motion to strike, Statom also filed a motion for entry of final judgment against Reiswerg. The trial court granted her request, finding "there [was] no just reason for delay and expressly direct[ed] entry of final judgment as to the entry of partial summary judgment entered against [Reiswerg]" and designating "the following issues upon which there [were] no genuine issue[s] of material fact:"

1. Joseph J. Reiswerg is negligent as a matter of law; and,

2. Joseph J. Reiswerg breached the standard of care in his representation of Ms. Statom and this breach caused Ms. Statom harm in that she lost the opportunity to pursue a meritorious medical malpractice claim.

Appellants' Joint Appendix at 37. Reiswerg then filed an appeal from the trial court's order entering "final judgment." This court consolidated the two appeals.

## I.

The first issue is whether the trial court erred by granting Statom's request for final judgment against Reiswerg. Reiswerg argues that: (1) the trial court erred by granting Statom's request for partial summary judgment against him; (2) the trial court erred by granting final judgment because the order was interlocutory; and (3) the trial court's final judgment order improperly expanded upon its grant of partial summary judgment. Because the issue is dispositive, we first address Reiswerg's argument that the trial court erred by granting final judgment because the order was interlocutory.

Ind. Appellate Rule 2(H) provides that a judgment is a "final judgment" if:

(1) it disposes of all claims as to all parties;

(2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

(3) it is deemed final under Trial Rule 60(C);

(4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5) it is otherwise deemed final by law.

Only subsection 2 is applicable here. Ind. Trial Rule 54(B), which governs judgments upon multiple claims or involving multiple parties, provides:

When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

Further, Ind. Trial Rule 56(C), which governs summary judgment, provides, in part:

A summary judgment may be rendered upon less than all the issues or claims, including without limitation the issue of liability or damages alone although there is a genuine issue as to damages or liability as the case may be. A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties. The court shall designate the issues or claims upon which it finds no genuine issue as to any material facts.

The trial court here found "there [was] no just reason for delay and expressly direct[ed] entry of final judgment as to the entry of partial summary judgment entered against [Reiswerg]" and designated "the following issues upon which there [were] no genuine issue[s] of material fact:"

1. Joseph J. Reiswerg is negligent as a matter of law; and,

2. Joseph J. Reiswerg breached the standard of care in his representation of Ms. Statom and this breach caused Ms. Statom harm in that she lost the opportunity to pursue a meritorious medical malpractice claim.

Appellants' Joint Appendix at 37.

According to Reiswerg, the trial court could not grant final judgment on the order because issues of damages and allocation of fault remained outstanding. Reiswerg relies upon *Ramco Industries, Inc. v. C & E Corp.*, 773 N.E.2d 284 (Ind.Ct.App. 2002). In *Ramco*, the trial court granted a motion for partial summary judgment, finding that Ramco had breached its contract with Ramsey and that Ramco was liable for damages suffered as a consequence of the breach. 773 N.E.2d at 287. However, the trial court reserved for trial

the issues of what relief was available, what damages, if any, Ramsey was entitled to as a result of the breach, and the amount of costs Ramsey had expended to enforce its rights under the contract. *Id.* Ramsey later requested that the trial court issue a final, appealable order granting attorney and accountant fees, and the trial court issued the order. *Id.* The trial court noted that the "order did not resolve all of the parties' issues, but that there was no just reason for delay in awarding Ramsey the aforementioned amount." *Id.* "The trial court refused to speculate as to the amount of any possible future fees and costs for which Ramco might be liable." *Id.*

■ On appeal, Ramco argued that the trial court improperly certified the order as a final, appealable order. *Id.* We noted that to be properly certifiable as a final order under either Ind. Trial Rule 54(B) or 56(C), a trial court order must "possess the requisite degree of finality, and must dispose of at least a single substantive claim." *Id.* at 288 (citing *Legg v. O'Connor*, 557 N.E.2d 675, 676 (Ind.Ct. App.1990)). Under Ind. Trial Rule 8(A), a claim consists of two elements: 1) a showing of entitlement to relief, and 2) the relief. *Id.* (citing *Chrysler Corp. v. Reeves*, 404 N.E.2d 1147, 1150 n. 1 (Ind.Ct.App. 1980)). "Furthermore, a judgment that fails to determine damages is not final." *Id.* (citing *First Fed. Sav. & Loan Ass'n of Gary v. Stone*, 467 N.E.2d 1226, 1231 (Ind. Ct.App.1984), *reh'g denied, trans. denied*). "Our court is not bound by the trial court's determination on the issue of certification; rather, the trial court's certification of an interlocutory order is subject to review for an abuse of discretion." *Id.* (citing *Troyer v. Troyer*, 686 N.E.2d 421, 425 (Ind.Ct. App.1997)).

We concluded that the trial court's "interim fee award should not have been cer-tified as a final, appealable order because it only established liability against Ramco for breach of the Contract, while reserving for future trial the issues of damages, if any, together with fees and costs." *Id.* at 289. Further, the trial court's interim fee order was "not even final as to the issue of awardable attorney fees." *Id.* Finally, the trial court clearly reserved the issue of damages, if any, for trial. *Id.* "The possibility of a breach without damages or a breach subject to set off raises the specter of piecemeal litigation that the requirements of Indiana Trial Rules 56 and 54 were meant to avoid." *Id.* We concluded that the order did not possess "the requisite degree of finality to completely dispose of a single substantive claim in order to be properly certifiable." *Id.* As a result, we dismissed the appeal. *Id.*

■ Here, the trial court's order on partial summary judgment against Reiswerg addressed liability only and left issues of damages and allocation of fault for trial. As in *Ramco*, the order did not completely dispose of a single substantive claim and was not properly certifiable as a final, appealable judgment. *See, e.g., Cardiology Associates of Northwest Indiana, P.C. v. Collins*, 804 N.E.2d 151, 154–155 (Ind. Ct.App.2004) (holding that an order was interlocutory in nature despite the trial court's certification of the order as a final, appealable judgment). Rather, the order was an interlocutory order, which requires certification by the trial court and acceptance of the interlocutory appeal by this court under Ind. Appellate Rule 14(B). While the trial court certified the initial order on partial summary judgment against Reiswerg, we denied Reiswerg's request for permission to bring a permissive interlocutory appeal. The later order purporting to grant final judgment was not certified by the trial court for interlocutory appeal, and this court was not asked to

accept appellate jurisdiction over an interlocutory appeal of this order. Where an interlocutory order is not properly certified under Ind. Appellate Rule 14(B), the Indiana Supreme Court has held that we must dismiss the appeal. *Daimler Chrysler Corp. v. Yaeger,* 838 N.E.2d 449, 450 (Ind.2005); *see also Allstate Ins. Co. v. Fields,* 842 N.E.2d 804 (Ind.2006), *reh'g denied.*

Because the order is not a final, appealable order, Reiswerg asks that we "reverse" the trial court's entry of partial summary judgment. Reiswerg's Appellant's Brief at 26. However, the proper disposition of this appeal is not reversal. Rather, because we do not have appellate jurisdiction to review the trial court's entry or the order on partial summary judgment, we must dismiss the appeal of the trial court's entry of final judgment. *See, e.g., Fields,* 842 N.E.2d at 809 (dismissing an interlocutory appeal where the order was not certified under Ind. Appellate Rule 14).

## II.

■■■■ The next issue is whether the trial court abused its discretion by striking Reiswerg's motion for summary judgment. A trial court is vested with broad discretion in ruling on a motion to strike. *In re Adoption of Fitz,* 778 N.E.2d 432, 436 (Ind. Ct.App.2002). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.*

Reiswerg argues that the trial court abused its discretion by striking his motion for summary judgment regarding his statute of limitations defense. In granting Statom's motion to strike, the trial court noted:

> While each Defendant raised the affirmative defense of statute of limitations in its Answer, neither Defendant asserted the defense until after this Court had granted summary judgment finding Defendant Reiswerg negligent as a matter of law and that his negligence caused harm. Whether Statom had timely filed her malpractice claim against Reiswerg was a material issue of fact which had to be asserted in response to Statom's motion for summary judgment. By failing to assert the defense of statute of limitations, the Defendants waived the defense. *See Madison Area Educational Special Services Unit v. Daniels,* 678 N.E.2d 427 (Ind.Ct.App.1997).

Appellants' Joint Appendix at 35.

On appeal, Reiswerg argues that discovery was not complete at the time of Statom's motion for partial summary judgment and that he was entitled to raise the statute of limitations defense issue at a later time despite the trial court's partial judgment against him. Although Reiswerg attempts to distinguish *Madison Area Educational Special Services Unit v. Daniels,* 678 N.E.2d 427 (Ind.Ct.App. 1997), *reh'g denied, trans. denied,* which the trial court relied upon, we conclude that *Madison* is applicable.

In *Daniels,* the parents of a preschooler entitled to educational services due to disabilities requested that the school system provide transportation and placement at a private preschool in addition to the placement at a special education preschool already provided by the school. 678 N.E.2d at 429. When the school system did not meet the parents' demands, the parents requested a due process hearing. *Id.* The hearing officer determined that dual placement in part time special education preschool and in part time regular education preschool was appropriate, that the Head Start preschool was adequate for the student's needs, and that the school was required to pay for the regular education component of the student's education. *Id.*

The hearing officer's decision was entered on October 8, 1992, and advised that an appeal of the decision must be implemented within thirty days following receipt of the decision. *Id.* The parents then asserted that they were prevailing parties and requested attorney fees, which the school declined to pay. *Id.*

The parents filed a complaint for attorney fees on April 2, 1993, and in its answer, the school raised a statute of limitations defense. *Id.* The school filed a motion for summary judgment but did not mention the statute of limitations defense, and the parents filed a cross motion for summary judgment. *Id.* at 429–430. The school also did not raise its statute of limitations defense in its response to the parents' motion for summary judgment. *Id.* at 430. The trial court denied the school's motion for summary judgment, granted the parents' motion for summary judgment, and scheduled a hearing to determine the damages which the parents were entitled to receive. *Id.* Shortly before the hearing, the school filed another motion for summary judgment, arguing that it was entitled to summary judgment on its statute of limitations defense. *Id.* The trial court denied the school's motion for summary judgment, holding alternatively that the school had waived the defense of statute of limitations and that the parents timely filed their claim for attorney fees. *Id.*

On appeal, we noted that "[t]he statute of limitations is an affirmative defense which must be both pleaded and proven by the party relying thereon." *Id.* (citing Ind. Trial Rule 8(C)). We held:

> While the School raised the affirmative defense of statute of limitations in its answer to the [parents'] complaint, it did not thereafter assert the defense until after the trial court had granted summary judgment in favor of the [parents]

on the question of who was the prevailing party. Whether the [parents] had timely filed their request for attorney fees was a material issue of fact which had to be asserted in response to the [parents'] motion for summary judgment. By failing to assert the defense of statute of limitations, the School waived the defense. *Associates Fin. Serv. Co. v. Knapp,* 422 N.E.2d 1261, 1264 (Ind.Ct.App.1981) (a party has the burden of asserting his affirmative defenses in a summary judgment proceeding); *Moll v. South Cent. Solar Sys., Inc.,* 419 N.E.2d 154, 159 (Ind.Ct.App. 1981) (affirmative defenses must be asserted in response to a motion for summary judgment); *Flynn v. Klineman,* 403 N.E.2d 1117, 1126 (Ind.Ct.App.1980) (while affirmative defense was raised in pleadings, defendant had the burden of establishing any affirmative defense in opposition to plaintiff's cross-motion for summary judgment; by not addressing the issue either in support of defendants' motion for summary judgment or in opposition to plaintiff's cross-motion, the issue was waived); *Kline v. Kramer,* 179 Ind.App. 592, 386 N.E.2d 982, 987 (Ind. Ct.App.1979) ("If the party opposing summary judgment fails to disclose a genuine issue of material fact, which would invoke the theory of equitable estoppel, the movant is entitled to summary judgment as a matter of law.").

*Id.*

Similarly, here, Reiswerg did not request summary judgment on his statute of limitations defense until after the trial court had granted partial summary judgment to Statom on Reiswerg's liability for legal malpractice. By failing to assert the statute of limitations defense in response to Statom's motion for partial summary judgment, which the trial court granted,

Reiswerg has waived the defense.[1] *See, e.g., id.* Consequently, the trial court did not abuse its discretion by striking Reiswerg's motion for summary judgment.

## III.

■ The final issue is whether the trial court abused its discretion by striking CGG's motion for summary judgment. A trial court is vested with broad discretion in ruling on a motion to strike. *Fitz,* 778 N.E.2d at 436. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.*

CGG argues that the statute of limitations defense is personal to each defendant and may only be waived by the party possessing the defense. According to CGG, it did not waive its statute of limitations defense by failing to assert it in response to Statom's motion for partial summary judgment because: (1) Statom's motion did not ask for a determination of CGG's liability; (2) the motion did not "come forward with evidence addressing or negating the statute of limitations defense;" and (3) the motion was denied and did not result in a judgment against CGG. CGG's Appellant's Brief at 14. We conclude that, because Statom's motion for partial summary judgment was denied, CGG did not waive its statute of limitations defense.

In general, on summary judgment, the moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *McGuire v. Century Surety Co.,* 861 N.E.2d 357, 365 (Ind.Ct.App.2007). If this requirement is met, the burden shifts to the nonmovant to establish genuine issues of material fact for trial. *Id.* Here, Statom made a prima facie showing that there were no genuine issues of material fact and that she was entitled to judgment as a matter of law against Reiswerg. Reiswerg then failed to make a timely response to her motion for summary judgment and, thus, failed to meet his burden of demonstrating genuine issues of material fact for trial. On the other hand, the trial court concluded that genuine issues of material fact existed regarding Reiswerg and a legal secretary's relationship with CGG. Thus, the trial court denied Statom's motion for partial summary judgment against CGG.

■ Statom contends that, like Reiswerg, CGG waived its statute of limitations defense by failing to raise it in response to her motion for partial summary judgment.[2]

1. Reiswerg attempts to distinguish *Daniels* by arguing that *Daniels* "implicitly recognizes that a defendant need not raise his affirmative defenses in his first summary judgment submission, but may raise those defenses either by his own motion or in opposition to a plaintiff's motion." Reiswerg's Appellant's Brief at 19. Reiswerg argues that he "complied with that requirement by asserting his statute of limitations defense in his own motion for summary judgment." *Id.* Reiswerg misinterprets *Daniels. Daniels* holds that a defendant must assert its affirmative defenses in response to a plaintiff's motion for summary judgment. If the defendant fails to do so and summary judgment is granted against the defendant, he will not be entitled to raise

the affirmative defense at a later time in a motion for summary judgment.

2. Statom seems to argue that Reiswerg's liability somehow established joint and several liability of CGG and that CGG waived its statute of limitations defense by failing to "raise the statute of limitations defense or any defense to *Reiswerg's* liability." Appellee's Brief at 21 (emphasis added). However, Indiana courts have recognized that "[w]aiver is usually a matter of personal privilege; it must be made by the person whose rights or remedies are to be affected." *In re S.L.,* 599 N.E.2d 227, 229 (Ind.Ct.App.1992); *see also Wabash Grain, Inc. v. Smith,* 700 N.E.2d 234, 238 (Ind.Ct.App.1998) (holding that grain ele-

Although Reiswerg waived his statute of limitations defense by failing to raise it in response to Statom's motion for partial summary judgment, the fundamental difference between Reiswerg and CGG is that the trial court denied the motion for partial summary judgment as to CGG.

This difference is illustrated by *Abbott v. Bates,* 670 N.E.2d 916 (Ind.Ct.App. 1996), *reh'g denied.* In *Abbott,* Bates filed a foreclosure action against Abbott, individually, and Abbott as trustee. 670 N.E.2d at 919. Bates then filed a motion for summary judgment. *Id.* The trial court granted summary judgment against Abbott, individually, and directed entry of final judgment against Abbott, individually. *Id.* However, the trial court denied summary judgment as to foreclosure and against Abbott as trustee. *Id.* Abbott, individually, failed to perfect an appeal. *Id.* at 920. Bates then filed a second motion for summary judgment against Abbott as trustee, which the trial court also granted. *Id.* Abbott appealed individually and in her capacity as trustee. *Id.*

■ On appeal, we first noted that Abbott, individually, had waived any argument by failing to initiate a timely appeal of the final judgment against her. *Id.* at 920 n. 1. Moreover, we noted that, even if Abbott had initiated a timely appeal, she had waived her affirmative defenses by failing to assert the defenses in response to Bates's motion for summary judgment.

*Id.* Although Abbott raised the affirmative defenses of fraud, duress and failure of consideration in her responsive pleading, she failed to designate any evidentiary material in opposition to Bates's motion. *Id.* "If a defendant in its pleadings raises an affirmative defense, but subsequently fails to address the issue in opposition to a summary judgment motion, the affirmative defense is waived." *Id.*

As for Abbott as trustee, we could not say that the trial court's first summary judgment order was dispositive regarding the validity of the mortgages in question. *Id.* at 920–921. We concluded that Abbott's individual waiver did not preclude her from raising the validity of the mortgages in response to Bates's second motion for summary judgment. *Id.* Thus, we considered Abbott's arguments in her capacity as trustee regarding fraud and duress. *Id.* at 921–925.

We concluded that Abbott, individually, waived her affirmative defenses by failing to raise them in response to Bates's first motion for summary judgment where the trial court granted summary judgment against Abbott, individually. However, Abbott as trustee did not waive her affirmative defenses by failing to raise the defenses in response to Bates's first motion for summary judgment where the trial court denied the motion for summary judgment as to the trustee. Similarly, here, Reiswerg waived his statute of limi-

---

vator operator was not estopped from asserting a statute of limitations defense as a result of related corporation's action in an identical federal court action), *reh'g denied, trans. denied.* Thus, the fact that CGG did not raise the statute of limitations defense to Reiswerg's liability does not affect CGG's ability to raise the defense to its own liability. Moreover, Statom cites no relevant authority for the proposition that Reiswerg's liability automatically established the joint and several liability of CGG.

Statom also argues that CGG is collaterally estopped from disputing Reiswerg's liability. "Collateral estoppel or issue preclusion bars subsequent litigation of an issue necessarily adjudicated in a *former suit* if the same issue is presented in the *subsequent suit." Bourbon Mini–Mart, Inc. v. Gast Fuel and Services, Inc.,* 783 N.E.2d 253, 257 (Ind.2003) (emphasis added). Collateral estoppel is inapplicable here as the orders are from the same case, not a former and subsequent suit. Moreover, CGG is not challenging Reiswerg's liability; rather it is challenging only its own liability.

tations defense by failing to raise it in response to Statom's motion for partial summary judgment where the trial court granted Statom's motion as to Reiswerg. *See supra* Part II. However, CGG did not waive its affirmative defenses because the trial court's order was not dispositive as to CGG's liability.[3] As a result, we conclude that the trial court abused its discretion by striking CGG's motion for summary judgment regarding its statute of limitations defense. We reverse on this issue and remand for the trial court to consider CGG's motion for summary judgment.

For the foregoing reasons, we dismiss Reiswerg's appeal of the trial court's entry of final judgment, we affirm the trial court's order striking Reiswerg's motion for summary judgment, we reverse the trial court's order striking CGG's motion for summary judgment, and we remand for consideration of CGG's motion for summary judgment.

Dismissed in part, affirmed in part, reversed in part, and remanded.

BAKER, C.J. and MATHIAS, J. concur.

---

**3.** Statom relies upon *Daniels*, 678 N.E.2d at 430, *H & G Ortho, Inc. v. Neodontics Intern., Inc.*, 823 N.E.2d 718 (Ind.Ct.App.2005), and *Flynn v. Klineman*, 403 N.E.2d 1117 (Ind.Ct. App.1980), for the proposition that CGG waived its statute of limitations affirmative defense by failing to raise it in response to Statom's motion for partial summary judgment. In each of these cases, summary judgment was ordered against the defendant, and the defendant waived its affirmative defenses by failing to raise the defenses in response to the plaintiff's motion for summary judgment. *See, e.g., Flynn*, 403 N.E.2d at 1126 (reversing the trial court's grant of summary judgment to defendants, granting partial summary judgment to the plaintiff, and noting that, on remand, the defendants could not argue their affirmative defenses because they had waived the affirmative defenses by failing to argue them in response to the plaintiff's motion for partial summary judgment); *H & G Ortho*, 823 N.E.2d at 731 (holding that the defendants waived their affirmative defense of unenforceability by failing to raise the defense in response to the plaintiff's motion for summary judgment, which the trial court granted); *Daniels*, 678 N.E.2d at 430 (holding that the defendant waived the statute of limitations defense by failing to raise it in response to the plaintiff's motion for summary judgment, which the trial court granted). Here, Statom's motion for partial summary judgment was denied as to CGG but granted as to Reiswerg. Thus, each of these cases is applicable to Reiswerg but not to CGG.