Joseph J. REISWERG and Cohen Garelick & Glazier, Appellants–Defendants,

v.

Pam STATOM, Appellee–Plaintiff.

No. 49A02–0801–CV–49.

Court of Appeals of Indiana.

March 5, 2009.

David T. Kasper, Julia Blackwell Gelinas, Maggie L. Smith, Frost Brown Todd, Michael E. Brown, Eric D. Johnson, Kightlinger & Gray, Indianapolis, IN, Attorneys for Appellants.

Todd J. Kaiser, John K. Henning, Ogletree Deakins Nash Smoak & Stewart, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BROWN, Judge.

Pam Statom and Joseph Reiswerg filed separate petitions for rehearing from the published opinion of *Reiswerg v. Statom*, 897 N.E.2d 490 (Ind.Ct.App. Dec.5, 2008). In the opinion, we dismissed Reiswerg's appeal, affirmed the trial court's order striking Reiswerg's motion for summary judgment, reversed the trial court's order striking a motion for summary judgment filed by Cohen Garelick & Glazier ("CGG"), and remanded for consideration of CGG's motion for summary judgment.

On rehearing, Reiswerg argues that we erred by dismissing his appeal because "the existence of at least one appealable order subjects the entire proceeding to appellate scrutiny, including review of interlocutory orders not otherwise appealable in their own right." Reiswerg's Petition for Reh'g at 1. Statom also filed a separate petition for rehearing, arguing that we erred by reversing the trial court's order striking CGG's motion for summary judgment. For the following reasons, we grant the petitions for rehearing but affirm our prior opinion in all respects.

*I—Reiswerg's Petition for Rehearing.*

■ In Statom's action against Reiswerg and CGG for legal malpractice, Statom filed a motion for partial summary judgment against Reiswerg and CGG as to liability. Reiswerg did not file a timely response to the motion for summary judgment, and the trial court granted partial summary judgment against him. The trial court denied the motion for partial summary judgment as to CGG. Per Reiswerg's request, the trial court certified its order for interlocutory appeal, but this court denied Reiswerg's petition for interlocutory appeal. Later, Statom filed a motion for

entry of "final judgment" as to Reiswerg, which the trial court granted. Additionally, Reiswerg and CGG later filed motions for summary judgment, which were stricken by the trial court. The trial court certified its order for interlocutory appeal, and this court granted permission to bring the interlocutory appeal from that order.

Reiswerg filed an appeal from the entry of final judgment. In part, Reiswerg argued, based upon *Ramco Indus. v. C & E Corp.*, 773 N.E.2d 284 (Ind.Ct.App.2002), that the trial court's grant of final judgment was improper. Reiswerg argued "[a]s a matter of law, the trial court could not direct entry of final judgment pursuant to Trial Rule 56(C), and the entry of final judgment must be reversed." Reiswerg's Appellant's Brief at 27. We agreed, holding that the "final judgment" was not properly certifiable as a final, appealable judgment. Rather, the order was an interlocutory order, which was not properly certified under Ind. Appellate Rule 14(B). Consequently, we dismissed the appeal.

On rehearing, Reiswerg now argues that "Indiana law holds the existence of at least one appealable order subjects the entire proceeding to appellate scrutiny, including review of interlocutory orders not otherwise appealable in their own right." Reiswerg's Petition for Reh'g at 3. According to Reiswerg, a valid appealable order is present in this case, giving this court jurisdiction over Reiswerg's appeal.

First, Reiswerg raised this issue in his appellant's brief and argued that the "final judgment" was not a final, appealable order. Reiswerg cannot now change his argument and assert that we had jurisdiction to review the order. *See, e.g., Randles v. Ind. Patient's Compensation Fund*, 860 N.E.2d 1212, 1232 n. 9 (Ind.Ct.App.2007) (holding that "[a] party cannot invite error and then request relief on appeal based upon that ground; such an error cannot be reviewed by this court"), *reh'g denied, trans. denied.*

■ Second, Reiswerg's assertion that this court has jurisdiction over the "final judgment" by virtue of the proper interlocutory appeal of the trial court's grant of Statom's motions to strike is incorrect. In general, "an interlocutory appeal raises every issue presented by the order that is the subject of the appeal." *Tom–Wat, Inc. v. Fink*, 741 N.E.2d 343, 346 (Ind.2001). The certification of an interlocutory order requires a court on appeal to consider any issues raised in that order. *Harbour v. Arelco, Inc.*, 678 N.E.2d 381, 385 (Ind.1997). Here, the proper interlocutory appeal was from the trial court's order granting Statom's motion to strike Reiswerg and CGG's motions for summary judgment, for which this court granted permission to bring the interlocutory appeal. The entry of "final judgment" related to the granting of Statom's motion for partial summary judgment against Reiswerg and was separate and distinct from the trial court's order striking Reiswerg and CGG's motions for summary judgment.

Reiswerg relies upon *Int'l Assoc. of Machinists v. McGill Manufacturing Co.*, 164 Ind.App. 321, 328 N.E.2d 761 (1975), where the trial court entered a temporary restraining order and, after an evidentiary hearing, converted the temporary restraining order into a preliminary injunction. An issue on appeal was whether this court could review the issuance of the temporary restraining order. We noted that "[t]he trial court's entry of an appealable order will subject the entire proceeding to appellate scrutiny, in the absence of some distinct procedural or substantive limitation

on reviewability." 328 N.E.2d at 764. We held that "[s]ince McGill has been unable to demonstrate the existence of any substantive or procedural limitation on this Court's power to review non-appeable [sic] temporary restraining orders, we will review this proceeding in its entirety." *Id.*

Our research does not reveal a similar holding in any context outside of the entry of preliminary injunctions and temporary restraining orders. Rather, this issue is typically resolved as in *Thornton–Tomasetti Engineers v. Indianapolis–Marion County Public Library,* 851 N.E.2d 1269, 1280 (Ind.Ct.App.2006). There, Thornton appealed the trial court's denial of its request for a preliminary injunction. Thornton also attempted to appeal the trial court's denial of its request to enter a construction site and perform additional testing, along with the issuance of a Protective Order in favor of the Library with regard to the proposed testing. The Library moved to dismiss this portion of the appeal, claiming that the issues relating to Thornton's request to enter the land and conduct additional testing on the Project were not properly before us.

We noted that the trial court's order on the motion for preliminary injunction was properly before us. However, the trial court had refused to certify the matters relating to the protective order and Thornton's request to enter the land for interlocutory appeal. We concluded that "the only matters that are properly before us in this appeal are those that relate to Thornton's request for injunctive relief, inasmuch as the issues regarding the protective order were not certified for appeal." 851 N.E.2d at 1280. Because the issues related to Thornton's request to enter the land and the protective order were not certified by the trial court for interlocutory appeal, we

declined to address those claims and granted the Library's motion to dismiss that portion of appeal. Similarly, here, we properly dismissed Reiswerg's appeal of the entry of "final judgment" as that issue was not properly before us.

II—*Statom's Petition for Rehearing.*

■ Statom also filed a petition for rehearing, arguing that we erred by reversing the trial court's grant of Statom's motion to strike the motion for summary judgment filed by CGG. First, as background, Statom initially filed a motion for partial summary judgment, which the trial court granted as to Reiswerg but denied as to CGG. Reiswerg and CGG later filed motions for summary judgment, which the trial court struck on Statom's motion. We held that the trial court properly struck Reiswerg's motion for summary judgment because the trial court had already granted summary judgment against Reiswerg as to liability. We held that Reiswerg waived his affirmative defense by failing to assert it in response to Statom's motion for partial summary judgment.

On the other hand, we held that the trial court abused its discretion by striking CGG's motion for summary judgment. We held that the "fundamental difference between Reiswerg and CGG is that the trial court denied the motion for partial summary judgment as to CGG." *Reiswerg,* 897 N.E.2d at 499. In so holding, we relied upon *Abbott v. Bates,* 670 N.E.2d 916 (Ind.Ct.App.1996), *reh'g denied,* which addressed the same situation as presented here. We held that "CGG did not waive its affirmative defenses because the trial court's order was not dispositive as to CGG's liability." *Reiswerg,* 897 N.E.2d at 500.

On rehearing, Statom argues that "[n]o Indiana court, until now, has held that waiver did not occur because summary judgment was denied." Statom's Petition

for Reh'g at 10. However, Statom ignores *Abbott* and makes no attempt to distinguish that opinion, which was directly on point. Instead, Statom relies upon *Flynn v. Klineman*, 403 N.E.2d 1117 (Ind.Ct. App.1980), and *H & G Ortho, Inc. v. Neodontics Int'l, Inc.*, 823 N.E.2d 718 (Ind.Ct. App.2005), both of which we distinguished in the original opinion.[1] Consequently, Statom's argument fails.

For the foregoing reasons, we grant the petitions for rehearing but affirm the original opinion in all respects.

BAKER, C.J. and MATHIAS, J., concur.

---

1. In *Flynn v. Klineman*, 403 N.E.2d 1117 (Ind.Ct.App.1980), the defendants' motion for summary judgment was granted by the trial court and the plaintiff's motion for summary judgment was denied. However, on appeal, we reversed the trial court's judgment for the defendants and held that the plaintiff was entitled to partial summary judgment. We remanded for determination of some remaining issues and noted that the defendants had waived any affirmative defense on remand by failing to present those issues in the initial response to the motion for summary judgment. Thus, in *Flynn*, the plaintiff was granted partial summary judgment, albeit on appeal, and the defendants waived affirmative defenses by failing to present the arguments in response to the motion for summary judgment.

In *H & G Ortho, Inc. v. Neodontics Int'l, Inc.*, 823 N.E.2d 718 (Ind.Ct.App.2005), the trial court granted partial summary judgment to the defendants, holding that the sale of certain brackets and promoting the sale of other brackets fell within the scope of the noncompetition covenants at issue. The trial court also determined that the defendants had waived any argument that the noncompetition covenants were unenforceable by failing to present that argument in response to the motion for summary judgment. At the trial, the trial court determined that the defendants were in breach of the noncompetition covenant. On appeal, we affirmed and held that the defendants had waived their argument regarding the enforceability of the agreement by failing to raise the argument during the summary judgment proceedings. We also rejected the defendants' argument that the issue was not waived because only partial summary judgment was granted.

In both *Flynn* and *H & G*, summary judgment was at least partially granted against the defendants, although it was granted on appeal in *Flynn*. Here, the trial court denied Statom's motion for partial summary judgment as to CGG. Further, Statom argues that the court in *H & G* "held that an affirmative defense is not preserved *even if certain claims to which the defense is applicable survived summary judgment.*" Statom's Petition for Reh'g at 9. However, in *H & G*, the partial summary judgment granted by the trial court concerned the scope of the noncompetition covenants and the waived affirmative defense was related, i.e., the enforceability of the noncompetition covenants. Thus, *H & G* does not stand for the proposition that an affirmative defense is always waived if the party fails to argue it in response to a motion for summary judgment.