## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 03 2018, 10:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Nikola Vidovic
Joseph I. Miyake
Swope Law Offices, LLC
Schererville, Indiana

ATTORNEYS FOR APPELLEE

Edward P. Grimmer
Daniel A. Gohdes
Edward P. Grimmer, P.C.
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cynthia Vermette,

*Appellant-Defendant,*

v.

Northern Indiana Public Service Company,

*Appellee-Plaintiff.*

July 3, 2018

Court of Appeals Case No. 18A-PL-364

Appeal from the Porter Superior Court

The Honorable Julia M. Jent, Judge

Trial Court Cause No. 64D03-1706-PL-5807

**Najam, Judge.**

## Statement of the Case

[1]     Cynthia Vermette appeals the trial court's grant of partial summary judgment in favor of Northern Indiana Public Service Company ("NIPSCO"). Vermette

raises several issues for our review. However, we do not reach the merits of Vermette's appeal because we lack subject matter jurisdiction to consider the trial court's interlocutory order. We dismiss.

## Facts and Procedural History

On November 23, 2016, Vermette crashed her vehicle into an electric pole owned by NIPSCO. NIPSCO filed a complaint for damages against Vermette alleging negligence, willful and wanton conduct, and trespass. On September 20, 2017, NIPSCO filed a motion for partial summary judgment solely "on the issue of the costs to repair" the electric pole without any determination of liability. Appellant's App. Vol. II at 81. The trial court granted that motion following a hearing. Thereafter, on NIPSCO's motion, the trial court issued an order stating that there was no just reason for delay and directing the clerk to "show the ruling is to be entry of final judgment on the issues resolved by grant of that summary judgment motion, all in accord with [Trial Rule] 54[(B)] and 56(C)." *Id.* at 13. This appeal ensued.

## Discussion and Decision

Subject matter jurisdiction concerns a court's ability to hear and decide a case based upon the class of cases to which it belongs. *Cardiology Assocs. of Nw. Ind., P.C. v. Collins*, 804 N.E.2d 151, 153 (Ind. Ct. App. 2004). Whether we have subject matter jurisdiction is an issue we should raise *sua sponte* if the parties do not. *Id.* "As we have previously explained, 'dismissal for lack of subject matter jurisdiction takes precedence over the determination of and action upon other

substantive and procedural rights of the parties.'" *Id.* (quoting *Warrick County v. Weber*, 714 N.E.2d 685, 687 (Ind. Ct. App. 1999)).

[4]     Here, NIPSCO moved the trial court to "make" its order granting partial summary judgment a "final" judgment, and the court granted that motion. Appellant's App. Vol. II at 17. In particular, the trial court issued an order amending the interlocutory order on partial summary judgment to read as follows:

> This court's grant of partial summary judgment in favor of [NIPSCO] and against [Vermette] is a ruling and judgment as to one or more but fewer than all of the claims or parties; there is no just reason for delay; and the Clerk of Court is expressly directed to show the ruling is to be entry of final judgment on the issues resolved by grant of that summary judgment motion, all in accord with T.R. 54[(B)] and 56(C).

*Id.* at 13.

[5]     Trial Rule 54(B) and Trial Rule 56(C) have similar language and allow for trial courts to issue interlocutory orders with respect to less than all of the issues, claims or parties. *Ramco Indus., Inc. v. C & E Corp.*, 773 N.E.2d 284, 287-88 (Ind. Ct. App. 2002). Additionally, both rules allow trial courts to certify interlocutory orders as final, appealable orders if the trial court includes the "magic language" in its order: that there is no just reason for delay and directs entry of judgment. *Id.* at 288. However, "[t]o be properly certifiable under either of these trial rules, a trial court order must 'possess the requisite degree of finality, and must dispose of at least a single substantive claim.'" *Id.* (quoting

*Legg v. O'Connor*, 557 N.E.2d 675, 676 (Ind. Ct. App. 1990)). Under Trial Rule 8(A), a claim consists of two elements: 1) a showing of entitlement to relief, and 2) the relief. *Id.*

[6] Here, the trial court resolved a single issue in its partial summary judgment order, namely, the amount of damages NIPSCO sustained when Vermette crashed into the electric pole.[1] The issue of Vermette's liability is yet to be determined and, therefore, the trial court's order did not resolve the issue of whether NIPSCO is entitled to any damages. Because the order only addressed one element of a claim, the trial court's partial summary judgment order did not dispose of at least a single substantive claim, *see* T.R. 8(A), and the order was not properly certified for our review under Trial Rule 54(B) or 56(C).[2] Accordingly, we lack subject matter jurisdiction over this appeal, and we dismiss it. *See id.*; *see also Reiswerg v. Statom*, 926 N.E.2d 26, 29-30 (Ind. 2010) (agreeing with this court that partial summary judgment order that left issues of causation and damages undecided was not an appealable, final order despite trial court's intent to certify it under Trial Rule 54(B)).

_____

[1] We reject NIPSCO's contention, which it makes for the first time on appeal, that Vermette has "admitted liability." Appellee's Br. at 45. First, in its summary judgment motion, NIPSCO explicitly reserved the issue of Vermette's liability to be determined after partial summary judgment. Second, nothing in the trial court's order on partial summary judgment addresses Vermette's liability. And third, NIPSCO cites to a portion of the transcript in support of its contention, but the full context of the statements made by Vermette's attorney at the hearing indicates that she intended to shield herself from liability under the sudden emergency doctrine. NIPSCO's assertion on this issue is not well taken.

[2] We note that, should Vermette prevail on the issue of liability, the amount of damages will be a moot point.

Dismissed.

Robb, J., and Altice, J., concur.