**ANONYMOUS DOCTOR A, Anonymous Doctor B, and Anonymous Hospital,[1] Appellants–Defendants,**

**v.**

**Barbara Sue SHERRARD and Darrell Sherrard, Appellees–Plaintiffs.**

No. 10A01–0207–CV–244.

Court of Appeals of Indiana.

Feb. 5, 2003.

---

1. We note that in the initial Proposed Complaint to the Department of Insurance Patient's Compensation Fund, Dr. Brad Lee Sandleback and Clark County Memorial Hospital were named as the defendants. After discovery was initiated, the plaintiffs amended their Proposed Complaint to include Dr. Salvator J. Vicario as a defendant. It is unclear from the record as to when the caption was changed to "Anonymous Doctor A, Anonymous Doctor B, and Anonymous Hospital." In any event, we note that the change was not intended to protect the identity of the parties. As such, we will refer to the doctors and hospital by name in the opinion.

Derrick H. Wilson, Mattox Mattox & Wilson, New Albany, IN, Attorney for Appellants.

Gregory J. Bubalo, Becker Law Office, Louisville, KY, Attorney for Appellees.

## OPINION

FRIEDLANDER, Judge.

Dr. Salvator Vicario brings this interlocutory appeal from the trial court's denial of his motion for summary judgment in a medical malpractice action filed against him by Barbara Sue Sherrard and Darrell Sherrard (collectively referred to as "the Sherrards"). Although the parties' briefs do not address the matter, we have a continuing duty to take notice of our lack of jurisdiction. Therefore, we consider whether we have jurisdiction to review the trial court's order.

We dismiss the appeal.

On August 23, 1999, the Sherrards filed their original Proposed Complaint against Dr. Brad Lee Sandleback alleging that Dr. Sandleback negligently treated Barbara in the emergency room of Clark Memorial Hospital on May 7, 1998. Dr. Sandleback

was the only emergency room physician whose name appeared in Barbara's emergency room record. In actuality, Dr. Vicario was the one who saw and treated Barbara in the emergency room.

Barbara discovered her error, and on August 7, 2000, she filed an Amended Proposed Complaint with the Department of Insurance, naming Dr. Salvator J. Vicario as a defendant. The Indiana Patient's Compensation Fund mailed a copy of the Amended Proposed Complaint to Dr. Vicario on August 11, 2000. Copies of the cover letter were also mailed to Cara W. Stigger, counsel for the Sherrards, and to Medical Protective, the malpractice carrier for Dr. Vicario.

On September 27, 2000, Dr. Sandleback and Dr. Vicario filed a Motion for Preliminary Determination (for Summary Judgment) in which they asked the court to dismiss the Proposed Complaint against Dr. Sandleback because he did not see or treat Barbara and to dismiss the complaint against Dr. Vicario because it was filed more than two years after the date of the alleged negligence. On November 30, 2000, the court denied Dr. Vicario's Motion for Preliminary Determination.[2]

On October 8, 2001, Dr. Vicario renewed his motion for summary judgment, once again arguing that the statute of limitations had expired when the Sherrards filed their amended complaint. He asserted that, because he did not have actual notice that Dr. Sandleback had been mistakenly named instead of him, the amended complaint did not relate back to the filing of the original complaint. On June 6, 2002, following a hearing on Dr. Vicario's renewed motion, the trial court entered an Order Denying Summary Judgment and Certifying Order for Appeal.

The Order Denying Summary Judgment and Certifying Order for Appeal states in relevant part:

This matter having come before the Court on Defendant's Motion for Summary Judgment and the Court being duly advised in the premises, does hereby DENY the Motion. The parties previously informed the Court that both parties were interested in having the Court certify this matter for appeal pursuant to Indiana Trial Rule 56(c) and Indiana Trial Rule 54(b).

The parties believe that Appellate review of this matter would avoid the necessity of a full trial on the merits if, in fact, Defendant is correct and also ensure the Plaintiff that any subsequent verdict would not be reversed on appeal.

The Court and the parties are aware that denial of Summary Judgment is typically not a final judgment. If the Appellate Court finds this is not an appropriate Summary Judgment certification, the Court does hereby certify this matter for interlocutory appeal pursuant to Appellate Rule 14. The Court finds that the sole issue for the Court of Appeals is whether Plaintiffs' claims against Defendant are saved from the applicable statute of limitations by notice of the action by Defendant's fellow employee, the Department of Insurance, or Defendant's insurance carrier.

The Order in question involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case and the parties believe that the remedy by appeal is otherwise inadequate and that one or more parties will suffer substantial expense, damage or injury if the

---

2. The Sherrards agreed to dismiss their complaint against Dr. Sandleback, substituting Dr. Vicario.

Order is erroneous and the determination of the errors withheld until after judgment.

*Appellant's Appendix* at 52.

■ In the instant case, it appears that the parties have proceeded under the presumption that the trial court's order denying summary judgment is a final appealable order under T.R. 56(C) and T.R. 54(B).[3] T.R. 56(C) and T.R. 54(B) have similar language and allow for trial courts to issue interlocutory orders with respect to less than all of the issues, claims, or parties. Additionally, both rules allow trial courts to certify interlocutory orders as final, appealable orders if the trial court in writing expressly determines that there is no just reason for delay and expressly directs the entry of judgment. *Radbel by Radbel v. Midwestern Elec., Inc.,* 550 N.E.2d 340 (Ind.Ct.App.1990). To be a final judgment under T.R. 54(B), a judgment must possess the requisite degree of finality and must dispose of at least a single substantive claim. *Legg v. O'Connor,* 557 N.E.2d 675 (Ind.Ct.App.1990).

■ An order denying a motion for summary judgment is not a final appealable judgment, as no rights have been thereby foreclosed. *Keith v. Mendus,* 661 N.E.2d 26 (Ind.Ct.App.1996), *trans. denied.* The denial merely places the parties' rights in abeyance pending ultimate determination by the trier of fact. *Id.* Thus, a party seeking review of a denial of a motion for summary judgment must do so by way of interlocutory appeal in accordance with Ind. Appellate Rule 14. *Id.* We

conclude that the trial court's ruling was interlocutory in nature, despite the trial court's certification and the subsequent mischaracterization by the parties. Therefore, Dr. Vicario was required to proceed in accordance with App. R. 14.

■ App. R. 14(B) states: "An appeal may be taken from other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." The rule further provides that "[t]he motion requesting that the Court of Appeals accept jurisdiction over an interlocutory appeal shall be filed within thirty (30) days of the date of the trial court's certification." App. R. 14(B)(2)(a).[4]

While the trial court certified the matter for interlocutory appeal pursuant to App. R. 14(B) in the event that the appeal was not appropriate under T.R. 54(B),[5] we conclude that the subsequent condition necessary for a discretionary interlocutory appeal has not been met. Dr. Vicario failed to petition this court to accept jurisdiction of the interlocutory appeal within the thirty-day time limit. As this is not a final appealable judgment, and this court has not been petitioned to accept jurisdiction pursuant to App. R. 14(B), we must dismiss the appeal.

Dismissed.

NAJAM, J., and SHARPNACK, J., concur.

---

3. The Appellants' Case Summary submitted by Dr. Vicario presents the ruling being appealed as "a final order as to all claims and all parties." *Appellants' Case Summary* at 1.

4. App. R. 14(A) provides an exclusive list of interlocutory appeals as a matter of right. Because App. R. 14(A) does not apply to the instant case, Dr. Vicario must proceed under

the provision for discretionary interlocutory appeals.

5. The court states, "If the Appellate Court finds this is not an appropriate Summary Judgment certification, the Court does hereby certify this matter for interlocutory appeal pursuant to Appellate Rule 14." *Appellant's Appendix* at 52.