**CARDIOLOGY ASSOCIATES OF NORTHWEST INDIANA, P.C., and JCPN, LLC, Appellants–Defendants,**

**v.**

**Tracy COLLINS, M.D., Appellee–Plaintiff.**

**No. 45A03–0302–CV–43.**

Court of Appeals of Indiana.

Feb. 19, 2004.

Kirk A. Pinkerton, Jeffrey F. Gunning, Pinkerton and Friedman, P.C., Munster, IN, Attorneys for Appellants.

Paul A. Velligan, Highland, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Cardiology Associates of Northwest Indiana, P.C. and JCPN, LLC [1] (collectively the "Clinic") appeal the denial of their motion for partial summary judgment in an employment contract dispute with Tracy Collins, M.D. ("Collins"). The Clinic raises five issues, but we find *sua sponte* we have no jurisdiction to hear this appeal. We dismiss the appeal and remand.[2]

### FACTS AND PROCEDURAL HISTORY

Collins is a Board-certified specialist in obstetrics and gynecology. In the fall of 1998, while employed at Hammond Clinic, Collins met with Dr. Arvind Gandhi and Dr. Prakash Makam of Cardiology Associates and the Executive Director of JCPN, Andrew Reid, to discuss possible employment at JCPN. After this meeting, the Clinic offered Collins employment under a three-year contract. Collins accepted in late October 1998 and she began employment at the Clinic on December 1, 1998.

---

1. When the events underlying this case began, JCPN, LLC, was known as Jones Clinic Physician Network, LLC. For the sake of consistency, we refer to the LLC as JCPN throughout this opinion.

2. We deny JCPN's request for oral argument.

Collins and the Clinic disagreed about billing issues and whether the method of billing was decreasing her income and violating her contract. After two years of employment, Collins left the Clinic. Later, Collins filed suit against the Clinic. She alleged breach of contract and breach of the Clinic's duty of fair dealing and good faith, and she sought relief under the Indiana Wage Payment Act. The fourth count of Collins' complaint was dismissed.

On July 2, 2001, the Clinic filed a motion for partial summary judgment. At the hearing on the motion, the Clinic asked the court "to enter the Trial Rule 56(C) and (D) 'findings', including findings of no genuine issue as to material fact and/or specify the remaining facts that may result that are without substantial controversy and designation of remaining issues." (Appellant's App. at 134–135.) On October 30, 2001, the trial judge issued an order denying the Clinic's motion for partial summary judgment.

On November 30, 2001, the Clinic responded by filing a motion to correct error.[3] The case was assigned a new judge and given a new cause number. Finally, on January 6, 2003, the newly appointed judge entered an order denying the Clinic's motion to correct error and finding that denial to be a final, appealable order. The order states in pertinent part:

> Upon careful consideration of the arguments and materials presented, the Court hereby finds sufficient ambiguity in the parties' contract to merit an implication of a duty of good faith and to support going beyond the four corners of the contract to determine the parties'

intent and expectations. The Court also finds that there are genuine issues of material fact remaining and that an entry of summary judgment at this time is inappropriate. The Court does however find merit in Defendant's argument that the form of the original Order denying their Motion for Summary Judgment was improper.

> Accordingly, the Findings of Fact contained in the Order entered on October 30, 2001 are hereby vacated, and the remaining portions of said Order are hereby deemed to be a denial of the Defendants' Motion for Partial Summary Judgment. In all other respects, Defendant's Motion to Correct Errors is hereby DENIED. The Court further finds no just reason for delay, and hereby enters this Order Denying Motion to Correct Errors as final and appealable judgment.

(*Id.*) The Clinic appeals.

## DISCUSSION AND DECISION

■■■ Subject matter jurisdiction concerns a court's ability to hear and decide a case based upon the class of cases to which it belongs. *Warrick County v. Weber*, 714 N.E.2d 685, 687 (Ind.Ct.App.1999). Whether we have subject matter jurisdiction is an issue we should raise *sua sponte* if the parties do not. *Id.* As we have previously explained, "dismissal for lack of subject matter jurisdiction takes precedence over the determination of and action upon other substantive and procedural rights of the parties." *Id.* (quoting *Gorman v. Northeastern REMC*, 594 N.E.2d 843, 845 (Ind.Ct.App.1992), *decision clarified on denial of reh'g* 597 N.E.2d 366,

---

**3.** For reasons not apparent to us, the Clinic's attorney filed a motion to correct error on the *denial* of its motion for partial summary judgment, a ruling that is not a final judgment. *See Keith v. Mendus*, 661 N.E.2d 26, 35 (Ind. Ct.App.1996) (an order denying a motion for summary judgment is not a final appealable order, as no rights have been thereby foreclosed). *See also* T.R. 59(C) ("The motion to correct error, if any, shall be filed not later than thirty (30) days after the entry of a *final judgment* or an appealable final order.").

*trans. denied* ). Jurisdiction is a question of law that we review *de novo. Id.*

The Clinic claims to appeal under Ind. Trial Rules 54(B) and 56(C). T.R. 56(C) provides in pertinent part:

> A summary judgment may be rendered upon less than all the issues or claims, including without limitation the issue of liability or damages alone although there is a genuine issue as to damages or liability as the case may be. A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties. The court shall designate the issues or claims upon which it finds no genuine issue as to any material facts.

T.R. 54(B) provides in pertinent part:

> When more than one [1] claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

In the instant case, the parties have proceeded under the presumption that the trial court's order denying summary judgment is a final appealable order under T.R. 54(B) and T.R. 56(C). We note initially that this was not a summary judgment as contemplated by T.R. 56(C), but rather was a denial of such a summary judgment. As illustrated above, T.R. 54(B) and T.R. 56(C) have similar language and allow trial courts to issue interlocutory orders with respect to less than all of the issues, claims, or parties. Additionally, both rules allow trial courts to certify interlocutory orders as final, appealable orders if the trial court in writing expressly determines there is no just reason for delay and expressly directs the entry of judgment. *Radbel by Radbel v. Midwestern Elec., Inc.,* 550 N.E.2d 340, 341 (Ind. Ct.App.1990).

However, to be a final judgment under T.R. 54(B) and T.R. 56(C), a judgment must possess the requisite degree of finality and must dispose of at least a single substantive claim. *Legg v. O'Connor,* 557 N.E.2d 675, 676 (Ind.Ct.App. 1990). *See Ramco Indus., Inc. v. C & E Corp.,* 773 N.E.2d 284, 288 (Ind.Ct.App. 2002) (holding the trial court improperly certified under T.R. 56(C) its order granting partial summary judgment as a final appealable order because the order did not possess the required degree of finality).

Contrary to the parties' arguments or the trial court's finding, an order denying a motion for summary judgment

is not a final appealable order, as no rights have been thereby foreclosed. *Keith v. Mendus,* 661 N.E.2d 26, 35 (Ind.Ct.App. 1996). The denial merely places the parties' rights in abeyance pending ultimate determination by the trier of fact. *Id.* Thus, a party seeking review of a denial of a motion for summary judgment must do so by way of interlocutory appeal in accordance with Ind. Appellate Rule 14. *Anonymous Doctor A v. Sherrard,* 783 N.E.2d 296, 299 (Ind.Ct.App.2003).

We conclude the trial court's ruling was interlocutory in nature, despite the trial court's certification and the subsequent mischaracterization by the parties. Furthermore, we are not bound by the trial court's determination on the issue of certification. *Troyer v. Troyer,* 686 N.E.2d 421, 425 (Ind.Ct.App.1997) (citing *Legg,* 557 N.E.2d at 676). Because this is not a final appealable judgment and the parties did not follow the proper procedure for bringing an interlocutory appeal, *see* App. R. 14, we do not have jurisdiction over this appeal. *See Anonymous Doctor A,* 783 N.E.2d at 299. We therefore dismiss this appeal and remand to the trial court for further proceedings.

Appeal dismissed and cause remanded.

DARDEN, J., and BARNES, J., concur.