**INDIANA DEPARTMENT OF TRANSPORTATION and State of Indiana, Appellants–Defendants,**

**v.**

**Robert HOWARD and Lynn Howard, Individually and as Co–Administrators of the Estate of Amber L. Howard, E & B Paving, Inc. d/b/a Cedar Crest Enterprises d/b/a Mohr Construction Company, United Rentals (North America), Inc., d/b/a United Rentals Highway Technologies, Inc., d/b/a United Rentals Norwest, Inc., d/b/a United Rentals, Inc., and Calvin Napier, Appellees–Plaintiffs.**

No. 46A05–0701–CV–36.

Court of Appeals of Indiana.

Sept. 4, 2007.

Robert J. Palmer, D. Andrew Spalding, May Oberfell Lorber, Mishawaka, IN, Attorneys for Appellants.

Bruce P. Clark, Stacy J. Vasilak, Bruce P. Clark & Associates, Munster, IN, Attorneys for Appellees.

## OPINION

ROBB, Judge.

The State of Indiana and the Indiana Department of Transportation (collectively referred to as "INDOT") appeal the trial court's denial of their motion for summary judgment. Concluding that the order denying summary judgment is an interlocutory order that INDOT did not have certified by the trial court and accepted by this court as an interlocutory appeal, we do not have subject matter jurisdiction over this case and therefore dismiss.

E & B Paving, Inc., bid on and was awarded from INDOT a job resurfacing and paving the road shoulder on State Road 8 in LaPorte County, Indiana. At approximately 7:30 p.m. on November 13, 2002, Amber Howard was driving westbound on State Road 8 approaching the construction area. Another car was approaching from the other direction. Amber's vehicle went off the road and crashed, and Amber died as a result of her injuries. Amber's parents, Robert and Lynn Howard, individually and as co-administrators of Amber's estate, filed a complaint against, *inter alia*, INDOT and E & B Paving. On June 6, 2006, INDOT filed a motion for summary judgment, alleging it was entitled to judgment as a matter of law because it was not responsible for the negligence of E & B Paving, an independent contractor. Both the Howards and E & B Paving filed responses to the motion for summary judgment. On August 23, 2006, the trial court granted INDOT's motion for summary judgment. INDOT then requested that the trial court find there was no just reason for delay and direct entry of final judgment as to less than all parties. The trial court granted

INDOT's request on September 8, 2006, making the entry of summary judgment for INDOT a final appealable order.

Both the Howards and E & B Paving filed Trial Rule 59 motions to correct error with regard to the entry of summary judgment. The trial court held a hearing on the motions and INDOT's response, and on December 19, 2006, entered the following order granting the relief the Howards and E & B Paving sought:

> This matter came before the Court on November 28, 2006, on Defendant E & B Paving, Inc's Motion to Correct Errors and [the Howards'] Motion to Alter or Amend Judgment, both filed pursuant to Trial Rule 59. The Court having heard the arguments of counsel and reviewed the filings in support and against said Motions, now Grants said Motions.
>
> IT IS THEREFORE ORDERED that this Court's Order granting INDOT's Motion for Summary Judgment and entering Final Judgment As to Less Than All Parties is hereby set aside.
>
> IT IS THEREFORE ORDERED that INDOT's Motion for Summary Judgment is Denied.
>
> IT IS FURTHER ORDERED that this matter will proceed to trial by jury on the dates and times heretofore Ordered.

Appellants' Appendix at 12. INDOT filed its Notice of Appeal on January 5, 2007.

■ Subject matter jurisdiction refers to a court's ability to hear and decide a case based upon the class of cases to which it belongs. *Cardiology Assocs. of Nw. Indiana, P.C. v. Collins,* 804 N.E.2d 151, 153 (Ind.Ct.App.2004). We should raise the issue of whether we have subject matter jurisdiction even if the parties do not. *Id.*

The parties in this case have apparently proceeded under the assumption that the trial court's order denying INDOT's motion for summary judgment is a final appealable order under Trial Rules 54(B) and 56(C). *See* Appellants' Case Summary at 2 (indicating that the order is immediately appealable pursuant to Trial Rule 54(B)). Trial Rules 54(B) and 56(C) have similar language allowing trial courts to issue interlocutory orders with respect to less than all of the issues, claims, or parties involved in a lawsuit and to certify those interlocutory orders as final, appealable orders by determining in writing that there is no just reason for delay and directing the entry of judgment. *Cardiology Assocs.*, 804 N.E.2d at 154.

However, to be a final judgment under Trial Rules 54(B) and 56(C), a judgment "must possess the requisite degree of finality and must dispose of at least a single substantive claim." *Id.* An order denying summary judgment is not a final appealable order, and cannot be made into one via Trial Rules 54(B) or 56(C), because no issues have been irretrievably disposed of and no rights have been foreclosed by such an order. *Bd. of Tr. of Ball State Univ. v. Strain*, 771 N.E.2d 78, 81 (Ind.Ct. App.2002). Rather, a party seeking review of a denial of a motion for summary judgment must do so by seeking an interlocutory appeal pursuant to Appellate Rule 14(B). *Cardiology Assocs.*, 804 N.E.2d at 155.

When the trial court originally granted INDOT's motion for summary judgment, it entered a Trial Rule 56(C) order directing entry of final judgment as to INDOT. The order was then a final appealable order. The Howards and E & B Paving sought review by filing motions to correct error in the trial court. When those motions were granted, the trial court vacated both the order granting summary judgment and the order directing entry of final judgment and instead entered an order denying INDOT's motion for summary judgment. To the extent the parties were relying on the earlier order directing entry of final judgment, as noted, the trial court vacated that order. Moreover, a Trial Rule 54(B) or 56(C) order cannot be entered on the *denial* of summary judgment.

For INDOT to appeal the denial of its motion for summary judgment, it was required to first seek and obtain certification from the trial court authorizing an appeal from the interlocutory order and then seek acceptance of the interlocutory appeal from this court. INDOT failed to do so. Because this is not a final appealable order and INDOT did not follow the proper procedure for bringing an interlocutory appeal, we do not have jurisdiction over this appeal. We therefore dismiss and remand to the trial court for further proceedings.

Dismissed and remanded.

VAIDIK, J., and BRADFORD, J., concur.