## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 23 2018, 7:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Justin B. Mills | Mickey K. Weber |
| Marengo, Indiana | Jeffersonville, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steve Webb, | January 23, 2018 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 10A01-1604-MI-822 |
| v. | Appeal from the Clark Circuit Court |
| Ronald "Ron" Ellis, | The Honorable Andrew Adams, Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 10C01-1511-MI-205 |

**Robb, Judge.**

# Case Summary and Issues

[1] Joshua Rodriquez, Ronald Ellis, and Steve Webb were among six candidates for three at-large seats on the Jeffersonville City Council, finishing in third, fourth, and fifth place, respectively. After Webb filed for a recount, and a recount commission was appointed, the commission declared Webb the third-place finisher and certified the results. Rodriquez appealed the commission's certification and the trial court reversed, appointed a second commission, and ordered a second recount. Webb appeals, raising three issues for our review. However, Rodriquez has filed a motion to dismiss this appeal, raising the issue of whether Webb appeals from a final judgment.[1] Concluding the order reversing the commission's certification is not a final, appealable order, and that Webb failed to have the order certified for a discretionary interlocutory appeal, we dismiss.

# Facts and Procedural History

[2] The City of Jeffersonville, Indiana, is governed, partially, by a nine-member city council, consisting of six district seats and three at-large seats. On November 3, 2015, the City of Jeffersonville conducted an election wherein six candidates, including Rodriquez, Ellis, and Webb, competed for the three at-

---

[1] While this appeal was pending, Rodriquez died. Ellis, also a party to the underlying recount action, was elected by the Clark County Democratic Party to serve as Rodriquez's successor. Ellis was sworn into office on April 10, 2017, and currently serves as a member of the Jeffersonville City Council. Ellis has been substituted as a party to this appeal in place of Rodriquez.

large seats on the Jeffersonville City Council. According to the Clark County Clerk's Summary Report of Election on November 13, 2015, results were as follows:

1. Matt Owen (R):         5,672

2. Nathan Samuel (D):   5,524

3. Joshua Rodriquez (D): 5,090

4. Ron Ellis (D):         5,076

5. Steve Webb (R):       5,072

6. Steve Cooley (R):     4,730

Appealed Order at 1, ¶ 5. Almost 900 absentee ballots cast in the county's election were improperly printed and were therefore unreadable by a machine counter. However, less than three hundred of the improperly printed ballots were cast in Jeffersonville and thus included the election for Jeffersonville City Council.

On election day, the Clark County Election Board determined that the improperly printed ballots should be remade. Indiana Code section 3-11.5-6-12 provides that all duplicate cards must be clearly labeled "duplicate" and "bear a serial number that shall be recorded on the damaged or defective card." The ballots were remade by a team composed of Susan Popp, the Clerk of the Clark County Circuit Court, and Jack Coffman, a Clark County Commissioner. Although the remade ballots were marked "duplicate" they were not assigned serial numbers.

[4] Webb, placing only eighteen votes behind the third-place finisher, Rodriquez, timely filed a petition for recount and election contest. On December 8, 2015, the court appointed John Perkins (D), Anthony Wadsworth (R), and Nick Mobley,[2] to serve as the recount commissioners and Susan Clark to serve as the recount manager. The recount began on December 14, and the counters completed recounting four precincts before seeking further guidance from the recount commission.

[5] On December 16, the recount commission submitted a "Recount Order" to the trial court and determined that the four precincts that had already been counted should not be recounted. The recount commission, assisted by vote counters chosen by the candidates and approved by the recount commission, conducted a hand-recount of the remaining precincts. The remade ballots were not counted. Instead, counters were provided with the original ballots from which to determine the voter's intent.

[6] After the recount was concluded, the recount commission conducted a hearing on December 21 to permit the parties the opportunity to present argument on challenged ballots as well as issues pertaining to the recount itself. After the hearing, the recount commission calculated the total votes in a private meeting before announcing Rodriquez was the third-place finisher. Rodriquez requested

[2] Indiana Code section 3-12-6-16 provides that a recount commission must consist of three members, one from each major political party qualified to vote in the county in which the election is being recounted, and a machine mechanic, familiar with the ballot card voting systems or electronic voting systems used in the election.

that the commission certify its proclamation; Webb objected to certification, citing Indiana's Open Door law, and asked that the votes be calculated publicly.[3] The recount commission agreed and read each candidate's precinct vote total aloud before calculating their total number of votes. Upon public recount, Webb placed in third, Rodriquez in fourth, and the commission filed its "Certification of Election Recount By Recount Commission" with a handwritten indication that John Perkins declined to certify the results. The recount commission certified the following results:

> 3. Steve Webb (R): 5,039
>
> 4. Joshua Rodriquez (D): 4,966
>
> 5. Ron Ellis (D): 4,955

Appealed Order at 3, ¶ 17. Rodriquez appealed the election's certification to the trial court.

[7] The trial court scheduled a hearing on February 11, 2016. Prior to the hearing, Rodriquez sent Webb interrogatories to which Webb objected, claiming that new evidence could not be presented at the appeal hearing. Webb filed a motion in limine to that effect, seeking the prohibition of new evidence on appeal. The trial court denied Webb's motion in limine and Webb filed a

---

[3] Indiana Code section 3-12-6-21(d) provides, "The proceedings of the recount commission shall be performed in public under IC 5-14-1.5 (the Open Door Law)."

motion requesting the trial court certify the issue for interlocutory appeal. The trial court denied the request.

[8] At the hearing on February 11, Rodriquez called witnesses over Webb's objections. Ginger Neal, a counter in the recount process, testified that she had not received any "training" from the recount commission but stated that the commission's members were present throughout the entire count process. *Id.* at 2, ¶ 13. When presented with tally sheets for explanation, Neal admitted that the tally sheets were marked by her and the other counters and that they were confusing. Neal testified that she disagreed with the finding of the Recount Commission but understood how the Commission could have reached its conclusion. Another counter, Nicole Yates, provided similar testimony, stating that she had not received training and that she disagreed with the finding of the Recount Commission but understood how it could have reached a different conclusion than she did.

[9] The trial court entered its findings of fact and conclusions of law on March 24, 2016. The court concluded that Rodriquez had presented evidence to support his claim that "procedural defects by the recount commission that affected the outcome of the recount[,]" and that the commission had failed to comply with several applicable statutes. Appealed Order at 4, ¶¶ 6, 7, and 11. The trial court therefore granted Rodriquez's appeal but did not announce a remedy, instead scheduling a hearing for April 11. At the hearing, the trial court appointed a second recount commission to perform another recount set to begin April 16.

[10] On April 13, Webb filed a "Notice of Appeal," a "Motion to Stay Proceedings Pending Disposition of Matters on Appeal," and a "Motion for Hearing." The trial court set a hearing for April 15. Rodriquez filed a motion to be seated until the recount was concluded. At the hearing on April 15, Webb filed six additional motions and made an oral motion for an interlocutory appeal. The trial court ruled as follows:

> (1) The court denied Webb's "Motion to Stay Proceedings Pending Disposition of Matters on Appeal"
>
> (2) The court denied Webb's oral "Motion for Interlocutory Appeal"
>
> (3) The court granted Rodriquez's "Motion to Seat Rodriquez Until Recount Concluded"
>
> (4) The court granted Webb's "Motion for Change of Venue from the Judge and Findings of Facts and Conclusions of Law"
>
> (5) The court granted Webb's "Motion for Findings of Fact and Conclusions of Law"
>
> (6) The court noted on the record Webb's "Objection to Second Recount," "Court's Appointment of a 2nd Recount Commission," "Motion for Hearing Before 2nd Recount Commission Re: Procedure," "Notice of Appeal of Denial of Request for Stay of Proceedings and Request for Expedited Transcript of Proceedings," but left those issues for the assigned judge.

Appellant's Appendix, Volume 2 at 26. Webb now appeals.

# Discussion and Decision[4]

## I. Final Judgment

"The authority of the Indiana Supreme Court and Court of Appeals to exercise appellate jurisdiction is generally limited to appeals from final judgments." *Allstate Ins. Co. v. Fields,* 842 N.E.2d 804, 806 (Ind. 2006). Succinctly stated, a judgment is a final judgment if it ends the particular case and leaves nothing for future determination. *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003). Whether an order is a final judgment governs our subject matter jurisdiction and it can be raised at any time by any party or sua sponte by the court itself. *Id.* We have the duty to determine whether we have jurisdiction over an appeal before proceeding to determine the rights of the parties on the merits. *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), *trans. denied.* Pursuant to Indiana Appellate Rule 5, this court has jurisdiction over appeals from final judgments of trial courts and only those interlocutory orders from trial courts that are brought in accordance with Indiana Appellate Rule 14. Indiana Appellate Rule 2(H) provides, in relevant part:

> A judgment is a final judgment if:
>
> > (1) it disposes of all claims as to all parties; [or]

---

[4] We direct Ellis to Indiana Rule of Appellate Procedure 46(A)(2), which provides that the Table of Authorities "shall list each case, statute, rule, and other authority cited in the brief, with references to each page on which it is cited. The authorities shall be listed alphabetically or numerically, as applicable."

(2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

[12] Here, Webb's notice of appeal purports to appeal from a final judgment. The appealed orders now before us include the trial court's Order Granting Appeal of Respondent dating from March 24, which granted Rodriquez's appeal from the recount commission to the trial court, alleging that the recount commission's procedure was defective and in error, and the Order Denying Appeal of Petitioner dating from April 11, which denied Webb's appeal of the recount commission's "refusal to not count" certain absentee ballots. Appealed Order at 6. As the result of granting Rodriquez's appeal, the trial court conducted a subsequent hearing in which it announced that a second recount would be conducted and it appointed a second recount commission. Webb then filed his notice of appeal indicating his intention to appeal to this court.

[13] The trial court, however, concluded that its order was not a final, appealable judgment.[5] Appellant's App., Vol. 2 at 27. Specifically, the court concluded:

> (d) That due to the fact that the Court granted [Rodriquez's] appeal of the recount, the issues that were presented to the court

---

[5] We note that we are not bound by a trial court's determination regarding final judgment, *see Troyer v. Troyer,* 686 N.E.2d 421, 425 (Ind. Ct. App. 1997), and that subject matter jurisdiction is a pure question of law that we review de novo, *M-Plan, Inc. v. Comprehensive Health Ins. Ass'n,* 809 N.E.2d 834, 837 (Ind. 2004).

> upon [Webb's] Petition for recount were still at issue and not finalized or completed by the recount process or the Court . . . .
>
> * * *
>
> (g) In this particular case, this Court finds that the Petition for Recount has not been completed, that a final judgment has not been entered and issues as to all parties still exist, that the "Notice of Appeal" filed by [Webb] to the Court of Appeals is a nullity and the Court's order vacating the recount commission's findings was in essence or similar to an interlocutory appeal before this trial court in accordance with I.C. 3-12-6-22.5 and the Rules of Appellate Procedure.

*Id.* We agree with the trial court's conclusion and view *White v. Indiana Democratic Party* controls the issue now before us. 946 N.E.2d 1171 (Ind. 2011). There, a trial court directed the Indiana Recount Commission to take final action on an election contest. Before an evidentiary hearing could be conducted, however, both White and the Commission filed notices of appeal to this court. *Id.* at 1172. Our supreme court granted emergency transfer and dismissed the appeal, concluding "that the trial court has not entered a final judgment." *Id.* (citing *Georgos*, 790 N.E.2d at 451 ("a final judgment 'disposes of all issues as to all parties thereby ending the particular case'")).

[14] Here, a recount, following proper procedures as determined by the trial court, has yet to be conducted. *See Georgos,* 790 N.E.2d at 451 ("The trial court's grant of the Motion to Enforce was not a final judgment because it did not end the case."). Similar to the denial of a motion for summary judgment, here, no

rights have been foreclosed by the trial court's rulings. Rather, the recount merely places the parties' rights in abeyance pending ultimate determination by the second recount commission. *See Cardiology Assoc. of Northwest Indiana, P.C. v. Collins,* 804 N.E.2d 151, 154-55 (Ind. Ct. App. 2004). Accordingly, we conclude that no final, appealable judgment has been entered in the case now before us.

## II. Discretionary Interlocutory Appeal

[15] Because the trial court's orders did not constitute a final judgment, and are therefore interlocutory, Webb's only option for appellate review was to seek a discretionary interlocutory appeal pursuant to Indiana Appellate Rule 14(B).[6] In order to do so, Webb was required to obtain certification from the trial court and then this court is at liberty to accept—or deny—the appeal. *Id.* During the course of litigation, the trial court denied certification of two interlocutory appeals sought by Webb, a matter soundly within the trial court's discretion. *Shelby v. State,* 986 N.E.2d 345, 357-58 (Ind. Ct. App. 2013), *trans. denied.* Because Webb failed to obtain the trial court's certification of its orders for purposes of a discretionary interlocutory appeal, he may not proceed pursuant to Indiana Appellate Rule 14(B).

---

[6] We note that the order presented here does not qualify as any of the nine interlocutory orders appealable by right. *See* Ind. App. Rule 14(A).

We have previously explained that "dismissal for lack of subject matter jurisdiction takes precedence over the determination of and action upon other substantive and procedural rights of the parties." *Cardiology Assoc. of Northwest Indiana, P.C.,* 804 N.E.2d at 153. Concluding that the issue before us is not a final, appealable judgment, and that Webb did not obtain certification to pursue a discretionary interlocutory appeal, we therefore lack jurisdiction over this appeal. *Id.* at 155.

# Conclusion

As our supreme court recently emphasized, "in the overwhelming majority of cases, the proper course for an appellate court to take where it finds appellate jurisdiction lacking is simply to dismiss the appeal." *Town of Ellettsville v. DeSpirito,* 87 N.E.3d 9, 12 (Ind. 2017). Accordingly, we dismiss this appeal and remand to the trial court for further proceedings.

Appeal dismissed and cause remanded.

Crone, J., and Bradford, J., concur.