FILED

Nov 28 2023, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Michael A. Sarafin
Michael J. Bolde
Johnson & Bell, P.C.
Crown Point, Indiana

ATTORNEYS FOR APPELLEES

Douglas D. Church
Alexander P. Pinegar
Steven H. David
Sloan R. Schafer
Church Church Hittle + Antrim
Noblesville, Indiana

Daniel B. Vinovich
Hilbrich Cunningham Dobosz
Vinovich & Sandoval, LLP
Highland Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anonymous Provider 2,

*Appellant-Petitioner,*

v.

Estate of Ryan K. Askew, by
Fonetta Askew, Personal
Representative,

*Appellee-Respondent.*

November 28, 2023

Court of Appeals Case No.
23A-CT-992

Appeal from the Lake Superior
Court

The Honorable John M. Sedia,
Judge

Trial Court Cause No.
45D01-2211-CT-1196

**Opinion by Judge Brown**
Judges Vaidik and Bradford concur.

**Brown, Judge.**

[1] Anonymous Provider 2 ("AP2") appeals the trial court's denial of his motion to dismiss under Ind. Trial Rule 12(B)(1). The Estate of Ryan Askew ("the Estate") filed a motion to dismiss the appeal. We dismiss the appeal and remand.

*Facts and Procedural History*

[2] In December 2021, the Estate filed a proposed complaint against AP2 and two other parties with the Indiana Department of Insurance alleging that Ryan Askew, a security guard at Community Hospital, died after being shot during an encounter with a mentally ill and dangerous patient and that the defendants committed medical malpractice in part by failing to timely and properly evaluate the patient and transfer the patient to an appropriate unit or facility for hospitalization and treatment.

[3] On November 23, 2022, AP2 filed a "Petition for Preliminary Determination of Law and 12(B)(1) Motion to Dismiss." Appellant's Appendix Volume II at 18. The petition stated that AP2 "move[d] the Court to dismiss [the Estate's] medical malpractice case against [AP2] because [the Estate], despite already exhausting its sold [sic] and exclusive remedy under the Worker's Compensation Act ('WCA') for a work injury involving [Askew] who was a fellow employee in the same employ as [AP2], now seeks to circumvent its sole remedy under the WCA and pursue additional compensation pursuant to the Indiana Medical Malpractice Act . . . ('MMA')." *Id*. The Estate filed a

response arguing that AP2 was "not a fellow employee under the WCA" and, "even if he were, Indiana Courts have long allowed medical malpractice claims to proceed against fellow employee-physicians as an exception to the WCA." *Id.* at 51. On April 3, 2023, the court held a hearing.

On April 6, 2023, the trial court issued an "Order on Petition for Preliminary Determination Denying Motion to Dismiss." *Id.* at 10. The court found that Askew was employed by Munster Hospital, AP2 was employed by Community Care Network, Inc., and Askew had "the right to pursue his remedy for medical malpractice against [AP2] as the two were not coworkers as defined by IC 22-3-2-13(a)."[1] *Id.* at 11-12. The court further indicated AP2's position was that the subsidiary arrangement of AP2 and Askew's employers made AP2 and Askew fellow employees, and the court found that, "[b]ecause Munster Hospital, which employed [Askew], owned only a third of the shares of and could not ' . . . control[s] the activities . . . ,' IC 22-3-6-1(a),[2] of Community Care, which

---

[1] Ind. Code § 22-3-2-13(a) provides in part:

> Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee, or the injured employee's dependents, in case of death, may commence legal proceedings against the other person to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of or liability to pay compensation under chapters 2 through 6 of this article.

[2] Ind. Code § 22-3-6-1(a) provides in part:

> A corporation, limited liability company, or limited liability partnership that controls the activities of another corporation, limited liability company, or limited liability partnership, or a corporation and a limited liability company or a corporation and a limited liability partnership that are commonly owned entities, or the controlled corporation, limited liability company, limited liability partnership, or commonly owned entities, and a parent corporation and its subsidiaries shall each be considered joint employers of the corporation's, the controlled

employed [AP2], [AP2] fits the definition of '. . . some other person than the employer and not in the same employ . . . ,' IC 22-3-2-13(a), as [Askew]." *Id*. at 16-17. The court denied AP2's motion to dismiss under Ind. Trial Rule 12(B)(1).[3] The court's order cited Ind. Trial Rule 54(B) and stated, "[t]here being no just reason for delay, a final and appealable judgment is entered in favor of [the Estate] and against [AP2]." *Id*. at 17. On May 3, 2023, AP2 filed a notice of appeal.

[5] On July 26, 2023, the Estate filed a motion to dismiss the appeal. The Estate argued:

> A trial court may only certify an order as "final and appealable" under T.R. 54(B)[4] when the order disposes of one or more

---

corporation's, the limited liability company's, the limited liability partnership's, the commonly owned entities', the parent's, or the subsidiaries' employees for purposes of IC 22-3-2-6 and IC 22-3-3-31.

[3] Ind. Trial Rule 12(B) provides "the following defenses may be made by motion: (1) Lack of jurisdiction over the subject matter . . . ." Ind. Trial Rule 12(D) provides, "[w]hether made in a pleading or by motion, the defenses specifically enumerated (1) to (8) in subdivision (B) . . . shall, upon application of any party . . . be determined before trial unless substantial justice requires the court to defer hearing until trial."

[4] Ind. Trial Rule 54(B) provides:

> When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

claims or issues against a party. Courts have elaborated that judgment "must dispose of at least a single substantive claim." See, e.g., *Cardiology Assocs. of NW Ind., P.C. v. Collins*, 804 N.E.2d 151, 154 (Ind. Ct. App. 2004). Here, the order denied the dismissal so the claim against [AP2] was not disposed of and he is still in the case at this juncture.

July 26, 2023 Motion to Dismiss at 2. The Estate argued that, "[b]ecause the trial court's order in this case denied [AP2's] Motion to Dismiss, the order did not render any 'final judgment' against anyone because it did not 'dispose' of one or more claims or issues against a party" and, "[t]herefore, the order cannot be a final appealable order, even though the trial court added the T.R. 54(B) 'magic language' to the end of its order." *Id*. It contended that "the appropriate avenue of appeal is that of a discretionary interlocutory appeal." *Id*. at 2-3. On August 2, 2023, AP2 filed a response arguing that, "[u]nlike the summary judgment order in [*Cardiology Associates*], the Appealed Order decided a T.R. 12(B)(1) defense that the Trial Court had to decide before trial as required by T.R. 12(D)" and "[t]he Appealed Order . . . includes all required language that renders it final under T.R. 54(B), and App. R. 2(H)(2)." August 2, 2023 Response to Motion to Dismiss at 6-7.

### *Discussion*

[6] The dispositive issue is whether the trial court's April 6, 2023 order is an appealable order. A party may appeal from a final judgment and certain interlocutory orders. *See* Ind. Appellate Rule 5; Ind. Appellate Rule 9(A). Ind. Appellate Rule 2(H) provides that a judgment is a final judgment if:

(1) it disposes of all claims as to all parties;

(2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

(3) it is deemed final under Trial Rule 60(C);

(4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5) it is otherwise deemed final by law.

[7] AP2's notice of appeal identifies the order being appealed as the trial court's April 6, 2023 order and indicates the order is a final judgment. AP2 agrees that the April 6, 2023 order does not dispose of all claims as to all parties and is not a final judgment under Ind. Appellate Rule 2(H)(1). The April 6, 2023 order contains the language referenced in Trial Rule 54(B) that there is no just reason for delay.

[8] In *Legg v. O'Connor*, the defendants in a medical malpractice action moved for summary judgment. 557 N.E.2d 675, 676 (Ind. Ct. App. 1990). The trial court granted "judgment as a matter of law on all issues except the issue of informed consent" and "certified the case for appeal, reciting that there [was] not just reason for delay, and reserving for trial the issue of informed consent." *Id.* On appeal, this Court held that, to be certifiable under Trial Rule 54(B), "a judgment must possess the requisite degree of finality, and must dispose of at

least a single substantive claim." *Id.* We held that Trial Rule 54(B) "does not apply to a single claim action," "[a] claim asserts only one legal right growing out of a single transaction or series of related transactions," and "[a] single claim resting on multiple theories or a single claim with an alternative request for relief [is] not [a] final judgment[] which a trial court may certify [under Trial Rule 54(B)] for appeal." *Id.* (citations omitted). The Court found the plaintiff's claim arose from a single transaction, "[t]his single negligence claim cannot be certified under T.R. 54(B)," and "[t]he trial court's order was interlocutory despite the [Trial Rule 54(B)] certification," and the Court dismissed the appeal. *Id.* at 677.

[9] In *Cardiology Assocs.*, the defendants appealed the denial of their motion for summary judgment. 804 N.E.2d at 153. This Court observed that, "to be a final judgment under T.R. 54(B) and T.R. 56(C), a judgment must possess the requisite degree of finality and must dispose of at least a single substantive claim," *id.* at 154 (citing *Legg*, 557 N.E.2d at 676), and noted an order denying a motion for summary judgment "is not a final appealable order, as no rights have been thereby foreclosed" and "[t]he denial merely places the parties' rights in abeyance pending ultimate determination by the trier of fact." *Id.* at 154-155 (citations omitted). We concluded the trial court's ruling was interlocutory in nature despite the trial court's use of the magic language in Trial Rule 54(B) and the parties did not follow the proper procedure for bringing an interlocutory appeal, and we dismissed the appeal and remanded for further proceedings. *Id.* at 155 (citations omitted). *See also Anonymous Dr. A v. Sherrard*, 783 N.E.2d 296,

299 (Ind. Ct. App. 2003) (holding the trial court's denial of the defendant's summary judgment motion arguing the statute of limitations in a medical malpractice action had expired was not a final appealable judgment despite the trial court's use of the magic language in Trial Rule 54(B) and dismissing the appeal), *reh'g denied*.

[10] Here, the only substantive claim is the Estate's medical malpractice claim. The trial court's order denying AP2's motion to dismiss did not dispose of the Estate's single claim. The court's order did not possess the requisite degree of finality to be certifiable under Trial Rule 54(B) and did not constitute an appealable order under Appellate Rule 2(H)(2). *See Cardiology Assocs.*, 804 N.E.2d at 153-155; *Anonymous Dr. A*, 783 N.E.2d at 299; and *Legg*, 557 N.E.2d at 677. *See also Boley v Knowles*, 905 SW2d 86, 87-90 (Mo. 1995) (holding the trial court's denial of a motion to amend complaint to add a claim for expenses did not dispose of plaintiff's single medical malpractice claim and, despite the court's use of the language that there was no just reason for delay, the court's ruling was not appealable and dismissing the appeal); *Sisemore v Farmers Ins. Co.*, 779 P.2d 1303, 1305-1306 (Ariz. Ct. App. 1989) (dismissing the plaintiffs' appeal of the trial court's denial of their request for punitive damages because the ruling did not dispose of either their contract claim or their bad faith claim and holding the order was not appealable despite the court's finding there was no just reason for delay under Arizona Trial Rule 54(B); and dismissing the defendant's cross-appeal of the denial of its motion to dismiss certain parties because the ruling did not dispose of any claims and, despite the court's use of

the language in Arizona Trial Rule 54(B), was not an appealable order), *review denied*; *Glacier Gen. Assur. Co. v Hisaw*, 651 P.2d 539, 542 (Idaho 1982) (holding that the trial court erred in certifying its partial summary judgment as appealable under Idaho Trial Rule 54(B) where the ruling did not dispose of the single claim under an insurance policy and that Rule 54(B) "operates only when there are in the action multiple claims of which at least *one* has been adjudicated"). We cannot say the order falls into any of the remaining categories of Appellate Rule 2(H). Accordingly, the appealed order is not a final judgment under Appellate Rule 2. AP2 is therefore appealing from an interlocutory order. AP2 does not assert the right to appeal from the interlocutory order under Appellate Rule 14(A), there is no indication AP2 sought certification from the trial court or permission from this Court to file a discretionary interlocutory appeal, and AP2 has not stated a statutory right to appeal. Accordingly, we dismiss the appeal and remand for further proceedings. *See Legg*, 557 N.E.2d at 677.

[11] Dismissed and remanded.

Vaidik, J., and Bradford, J., concur.