

FILED

May 13 2025, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



# IN THE
# Court of Appeals of Indiana

Russell Bernacchi and Judith Bernacchi,

*Appellants-Defendants*

v.

Yon M. Lindborg and Kenneth L. Rutz,

*Appellees-Plaintiffs*

---

May 13, 2025

Court of Appeals Case No.
24A-CT-1686

Appeal from the LaPorte Circuit Court

The Honorable Thomas J. Alevizos, Judge

Trial Court Cause No.
46C01-1603-CT-352

---

**Opinion by Judge Weissmann**
Judges Pyle and Felix concur.

**Weissmann, Judge.**

[1] In this tort action, Kenneth Rutz and Yon Lindborg claim Russell and Judith Bernacchi caused an obstruction to a "regulated drain"[1] under the jurisdiction of the LaPorte County Drainage Board. The Bernacchis moved for summary judgment on Rutz and Lindborg's complaint, arguing that Rutz and Lindborg failed to exhaust certain administrative remedies before filing suit. The trial court denied the Bernacchis' motion and purported to certify its order as a judgment under Indiana Trial Rule 56(C). The Bernacchis then appealed the trial court's order as a final judgment under Indiana Appellate Rule 2(H)(2).

[2] Because an order denying a motion for summary judgment does not possess the requisite degree of finality to be certified as a judgment under Trial Rule 56(C), the trial court's denial of the Bernacchis' motion is not a final judgment under Appellate Rule 2(H)(2). It is an interlocutory order, the appeal of which required both the trial court's certification under Appellate Rule 14(B)(1) and this Court's acceptance of jurisdiction under Appellate Rule 14(B)(2). These requirements were not met.

[3] As the trial court's order is neither a final judgment nor an appealable interlocutory order, this Court lacks appellate jurisdiction over the Bernacchis'

---

[1] Under Indiana's Drainage Law, "'[r]egulated drain' means an open drain, a tiled drain, or a combination of the two." Ind. Code § 36-9-27-2. "'Open drain' means a natural or artificial open channel that: (1) carries surplus water; and (2) was established under or made subject to any drainage statute." *Id.* And "'[t]iled drain' means a tiled channel that: (1) carries surplus water; and (2) was established under or made subject to any drainage statute." *Id.*

appeal. We therefore dismiss the appeal without prejudice to the Bernacchis' right to file an appeal once a final judgment has been entered or the order has been certified for interlocutory appeal.

## Facts

[4] The Mill Creek Lateral (MCL) is a regulated drain in LaPorte County, Indiana. Water flows down the MCL continuously throughout the year and ultimately discharges into Mill Creek. As it relates to this case, the MCL runs either adjacent to or through three contiguous parcels of land owned by Rutz, Lindborg, and the Bernacchis, respectively. The Bernacchis' parcel is the furthest downstream and borders Mill Creek.

[5] In 2016, Rutz and Lindborg sued the Bernacchis for negligence, nuisance, and trespass, alleging the Bernacchis had caused an obstruction to the MCL on the Bernacchis' parcel. According to Rutz and Lindborg, the obstruction causes the water in the MCL to back up and intermittently flood Rutz's and Lindborg's parcels. Rutz and Lindborg therefore sought injunctive relief and money damages for the alleged loss of use and diminished value of their land.

[6] The Bernacchis moved for summary judgment on Rutz and Lindborg's claims, arguing that Rutz and Lindborg had failed to exhaust certain administrative remedies through the LaPorte County Drainage Board, thereby depriving the trial court of subject matter jurisdiction over the case. The trial court denied the Bernacchis' motion and further ordered as follows:

[T]here being no just reason for delay, the Court, in accordance with Ind. R. Civ. P. 56(C), expressly directs the entry of Final Judgment as to the issue of whether Plaintiffs' failure to exhaust their remedies before the LaPorte County Drainage Board deprives the Court of subject matter jurisdiction, an issue upon which the Court finds no genuine issue as to any material facts.

App. Vol. II, p. 22.

[7] The Bernacchis appeal the trial court's order denying their motion for summary judgment. Concluding we lack jurisdiction over the appeal, we dismiss it without prejudice.

## Discussion and Decision

[8] "An appellate court must have jurisdiction to review a trial court's order, and a court has a duty to determine whether it has jurisdiction before proceeding to the merits of the case." *Matter of Adoption of S.L.*, 210 N.E.3d 1280, 1282 (Ind. 2023). Appellate jurisdiction cannot be waived or conferred by agreement of the parties, and its absence can be raised at any time. *Id.* If the parties do not raise the issue, "the appellate court may consider the issue sua sponte." *Id.* (quoting *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003)).

[9] "[T]he prerequisites for appellate jurisdiction are (1) entry of an appealable order by the trial court and (2) the trial court clerk's entry of the notice of completion of the clerk's record on the chronological case summary." *Town of Ellettsville v. Despirito*, 87 N.E.3d 9, 11 (Ind. 2017). In this case, the first

prerequisite is absent—the trial court's order denying the Bernacchis' motion for summary judgment is not an appealable order.

[10] Indiana Appellate Rule 5 dictates which of a trial court's orders are appealable. With few exceptions, it provides this Court with mandatory jurisdiction over appeals from a trial court's "final judgments" as well as certain "interlocutory orders" for which the Appellate Rules authorize appeals "as a matter of right." Ind. Appellate Rules 5(A)-(B), 14(A). Rule 5 also grants this Court discretion to accept jurisdiction over appeals from interlocutory orders that a trial court has certified for interlocutory appeal. App. Rs. 5(B), 14(B).

## I.    The Trial Court's Order Is Not a Final Judgment

[11] In their Notice of Appeal, the Bernacchis claim the trial court's order denying their motion for summary judgment is appealable as a final judgment under Indiana Appellate Rule 2(H)(2). That rule provides:

> [A] trial court's order is deemed a "final judgment" if . . . the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties.

App. R. 2(H)(2).

[12] Indiana Trial Rules 54(B) and 56(C) "have similar language and allow for trial courts to issue interlocutory orders with respect to less than all of the issues, claims or parties." *Ramco Indus., Inc. v. C & E Corp.*, 773 N.E.2d 284, 287–88

(Ind. Ct. App. 2002). "Additionally, both rules allow trial courts to certify interlocutory orders as final, appealable orders if the trial court includes the 'magic language' in its order: that there is no just reason for delay and directs entry of judgment." *Id.* at 288. But not every interlocutory order is susceptible to the "magic" of Trial Rules 54(B) and 56(C). "To be properly certifiable under either of these trial rules, a trial court order must 'possess the requisite degree of finality[] and must dispose of at least a single substantive claim.'" *Id.* (quoting *Legg v. O'Connor,* 557 N.E.2d 675, 676 (Ind. Ct. App. 1990)).

[13] Here, the trial court denied the Bernacchis' motion for summary judgment and purported to certify the order as a final judgment under Trial Rule 56(C). But the order did not dispose of a substantive claim or otherwise possess the requisite degree of finality to be properly certifiable under that rule. Indeed, an order denying a motion for summary judgment cannot be a final appealable judgment because it does not foreclose any rights. *Anonymous Dr. A v. Sherrard*, 783 N.E.2d 296, 299 (Ind. Ct. App. 2003). "The denial merely places the parties' rights in abeyance pending ultimate determination by the trier of fact." *Id.* For this reason, "a party seeking review of a denial of a motion for summary judgment must do so by way of interlocutory appeal in accordance with . . . Appellate Rule 14." *Id.*

## II. The Trial Court's Order Is Not an Appealable Interlocutory Order

[14] Under Indiana Appellate Rule 14(A), an interlocutory order may be appealed "as a matter of right" if the order grants or denies certain enumerated types of

relief. *See, e.g.*, App. R. 14(A)(1) (an order "for the payment of money"). The trial court's order denying the Bernacchis' motion for summary judgment does not qualify for appeal under this rule. But the order could be the subject of an appeal under Appellate Rule 14(B). That rule permits appeals from "other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." App. R. 14(B).

More specifically, "[t]he trial court, in its discretion, upon motion by a party, may certify an interlocutory order to allow an immediate appeal." App. R. 14(B)(1). And, "[i]f the trial court certifies an order for interlocutory appeal, the Court of Appeals, in its discretion, upon motion by a party, may accept jurisdiction of the appeal." App. R. 14(B)(2). Here, the trial court did not certify for interlocutory appeal its order denying the Bernacchis' motion for summary judgment, and this Court did not accept jurisdiction of the appeal. In fact, the Bernacchis never asked either court for its respective authorization. Therefore, the trial court's order was not an appealable interlocutory order.

## Conclusion

Because the trial court's order denying the Bernacchis' motion for summary judgment is neither a final judgment nor an appealable interlocutory order, this Court lacks appellate jurisdiction over the Bernacchis' appeal. Accordingly, we dismiss the appeal without prejudice to the Bernacchis' right to file an appeal once a final judgment has been entered or the order has been certified for interlocutory appeal. *See Despirito*, 87 N.E.3d at 12 (observing that, "in the

overwhelming majority of cases, the proper course for an appellate court to take where it finds appellate jurisdiction lacking is simply to dismiss the appeal").

[17] Dismissed.

Pyle, J., and Felix, J., concur.

ATTORNEY FOR APPELLANTS

Martin R. Lucas
Martin R. Lucas Attorney LLC
North Judson, Indiana

ATTORNEY FOR APPELLEES

R. Brian Woodward
Woodward Law Offices, LLP
Merrillville, Indiana